43   121<br>76   529

---

ALEXANDER JOHNSON, BY NEXT FRIEND, V. H. E. TAYLOR.

1. HOMESTEAD—SALE BY SURVIVOR.—A widow who filed an inventory and appraisement under the marital rights act of August 26, 1856, could sell and convey the homestead, and such right was not affected by the insolvency of the estate.

2. COSTS—NEXT FRIEND.—One suing as next friend is liable to a judgment for all costs of suit on failure to maintain suit; and such is the rule where, upon the death of the first party instituting suit, another party assumes its control.

APPEAL from Collin. Tried below before the Hon. W. H. Andrews.

*R. W. Campbell* and *R. B. Semple,* for appellant.

*Throckmorton & Brown,* for appellee.

GOULD, ASSOCIATE JUSTICE.—Alexander Johnson, sr., died in 1863, leaving his wife, Martha, and their only child, Alex. Johnson, surviving. His estate consisted of

the homestead of one hundred and forty acres, being the community property of himself and wife, and some other property exempt from forced sale, and he left some debts, which have never been paid. There was no administration on the estate, but the surviving wife filed an inventory and appraisement of the community property, under the marital rights act of August 26, 1856, and afterwards sold and conveyed the homestead to parties from whom it was purchased by the defendant, Taylor. This suit was brought in the name of Alex. Johnson, jr., by his next friend, S. A. Roberts, to try the title to the homestead. Pending the case Roberts died, and R. W. Campbell was admitted to make himself a party and prosecute the suit as next friend. A jury was waived and the case submitted to the court upon an agreed statement embracing the foregoing facts, the result being a judgment for the defendant and against the next friend for the entire costs.

It is claimed by appellant that inasmuch as the father's estate was insolvent, the 45th section of the probate law of 1848 (Paschal's Dig., art. 1154) had the effect of vesting in his child, the plaintiff, an absolute estate in one-half of the homestead not subject to sale by the survivor of the community. The case of Green *v*. Crow, cited by appellant, 17 Tex., 188, is to the effect that, under the section referred to, the right of the widow and children to such exempt property is absolute as against creditors. But there is believed to be nothing in that law or that decision justifying the conclusion that the child in such a case, as against the surviving widow, takes any other estate than that given him by the general laws of descent and distribution. Where the homestead was the separate property of the survivor, the right of the survivor to sell and convey it is well settled. (Brewer *v*. Wall, 23 Tex., 589; Tadlock *v*. Eccles, 20 Tex., 782.)

The children have no interest in the homestead as such, as against the surviving parent, by virtue of the homestead

rights of the deceased parent. If it was the community property of their parents they inherit the share of the deceased parent just as they inherit other community property. By filing an inventory and appraisement of the community estate Mrs. Johnson, under the law then in force, (1866,) was entitled to retain the exclusive control and management of said estate, with the power to make sales and exchanges. (Paschal's Dig., art. 4646, *et seq.*) The statute makes no exception of the homestead or other exempt property, and we see no good reason for holding that she could not sell these as well as any other community property. In case of mismanagement, or fraud, the heirs of the deceased member of the community were entitled to require bond and security for the protection of their rights. (Paschal's Dig., art. 4650.) It may be added that the policy of embarrassing the surviving widow in the management of that which the law exempts from forced sale is not very apparent. It would seem that the present welfare of herself and children might well take precedence of considerations looking to the ultimate rights of these children, when they become of age, in this small property.

It is not shown that there was error in adjudging the entire costs against the next friend, who came forward of his own accord, and assumed the liabilities attaching to that character.

The judgment is affirmed.

AFFIRMED.