# SUPREME COURT OF TEXAS.

## AUSTIN TERM, 1882.

### JACOB WATKINS ET AL. v. H. B. HALL.

(Case No. 4556.)

57  1
80  136

1. COMMUNITY PROPERTY — ADMINISTRATION.— One owning community property with the wife, on her death sold it, without qualifying under the statute so as to administer it. He sold for the purpose of paying community debts, and afterwards qualified under the statute as survivor, and conveyed by deed the same property to the purchaser from his vendee in the first sale. In a suit between the heirs of his deceased wife and the party claiming title under the last deed, *held*,

   (1) The fact that the surviving husband may have parted with his individual interest by the first deed could not impair his right, after qualifying as survivor, to administer the residue of the community interest, title to which passed by the second deed.

   (2) A verbal partition between the heir of the deceased wife and the party claiming under the deed, made before the surviving husband qualified, conferred no right on the heir to any portion set apart to such heir by the partition. The parties had no power to withdraw any portion of the property from administration by the husband.

   (3) It was the right of the surviving husband to sell for the payment of community debts, even though the property brought more than enough for that purpose. The right of the heir of the deceased wife to the interest in the excess derived by inheritance from the mother is secured by the bond of the surviving husband.

2. CERTIFICATE OF ACKNOWLEDGMENT.— See opinion for certificate of acknowledgment to a deed, which, though not in the form prescribed by statute, was held a substantial compliance with the law.

APPEAL from Grayson. Tried below before the Hon. Joseph Bledsoe.

*Woods, Wilkins & Cunningham*, for appellants.

STAYTON, ASSOCIATE JUSTICE.— The land in controversy was university land which Samuel Welchel had bought from the state during the life of his first wife, and he was to pay for the same in ten installments, only three of which had been made at the time of the death of his first wife, at which time he and his wife were living upon the land.

VOL. LVII — 1

Mrs. Watkins is a daughter of Samuel Welchel by his first wife, and claims one-half of the property as her mother's community interest therein, she having, however, two brothers and a sister.

At the time of the death of the mother of Mrs. Watkins, her father, besides the balance due on the land, owed other debts which were community debts, and having no other means of paying the same after his wife's death, sold the land in controversy to one Curnutt, who subsequently sold the same to the appellee.

After Welchel sold to Curnutt, and after Curnutt had sold to the appellee, Welchel qualified under the statute as survivor to administer the community estate of himself and his deceased wife, and then sold the land in controversy to the appellee.

On the trial the court instructed the jury as follows: "The deed from Welchel to Curnutt, and from Curnutt and wife to Hall, will convey all of the rights of Samuel Welchel in said land, and convey it to Hall; and the inventory filed by Welchel December 4, 1879, and the deed made by him to Hall on December 20, 1879, would convey all of the interest that the heirs of the deceased wife of said Welchel might have in the land by virtue of the rights of their mother in it as community property, and said instruments would warrant you in finding the land in controversy for the plaintiff, unless you find as hereinafter instructed." This charge is assigned as error. It is not believed that this charge was erroneous. It has been repeatedly decided by this court that the survivor of the community has power to sell the community property for the purpose of paying community debts. Wenar v. Stengall, 48 Tex., 489; Johnson v. Harrison, 48 Tex., 257, and cases cited in the two opinions. This is certainly the rule in this state, and it is not believed by the writer that the fact that the property may have been a community homestead alters the rule. After the execution of the deed to Curnutt, it probably being thought that it would only convey the interest of Welchel in the land, he qualified under the statute to administer the community estate, and was fully empowered so to do, and for a valuable consideration received from Hall, the appellant, sold the property to him; if his former conveyance would not have been sufficient to convey title to the entire property, that conveyance was, even though the property may have been the community homestead. Dawson v. Holt, 44 Tex., 174; R. S., 2172. The fact that Welchel may have parted with his interest in the property by his first deed could not have withdrawn from him his right, after having qualified under the statute, to administer the residue of the community property.

---

---

It is claimed that there was a verbal partition of the land made by Curnutt and Mrs. Watkins after the purchase of the land, and that thereby she acquired the right to a designated half of the land. Of such agreement it seems that Hall had no notice, but if he had it would not affect his right; for Mrs. Watkins and Curnutt had no power to withdraw any part of the property from administration by the surviving parent. Debts existed for which the survivor was liable, and it was his right, and he had the power, to sell the property to meet the payment of the same, even though the property may have brought more than was necessary to pay such debts.

If, after the payment of the community debts out of the proceeds of the sale, there is a balance left in the hands of Welchel, Mrs. Watkins will be entitled to her share of that through inheritance from her mother, and in reference thereto she is fully secured by the bond which her father gave under the requirements of the statute; and this is the extent of her right.

It is claimed that the court erred in permitting certain deeds to be read in evidence, because they had not been properly recorded.

The objection taken to the record of the deeds was that they had not been properly acknowledged.

The form of acknowledgment, so far as brought in question in this cause, is as follows: " Before me, R. P. Jones, a notary public in and for said county and state, came Samuel Welchel, to me well known, and acknowledged he signed and delivered the foregoing deed for the consideration and purposes therein stated." It is claimed that the certificate of acknowledgment is insufficient, in that after the word "known," the words "to me to be the person whose name is subscribed to the foregoing instrument," were not added.

The statute gives a form for the certificate of acknowledgment which officers in taking acknowledgments should use, but it does not provide that a certificate substantially the same as that given shall not be sufficient; but upon the contrary provides that " Any officer taking the acknowledgment of a deed or other instrument of writing must place thereon his official certificate, signed by him, and given under his seal of office, substantially in form as hereinafter prescribed." R. S., 4311.

The form prescribed by the statute is as follows:

"THE STATE OF ——, *County of* ——. ·

" Before me [here insert the name and character of the officer], on this day personally appeared —— ——, known to me (or proved to me on the oath of —— ——) to be the person whose name is sub-

scribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and considerations therein expressed."

The law regulating acknowledgments of instruments for record under the Revised Statutes, except in the form above set out, is the same as under the former law.   R. S., 4308; Pasch. Dig., 5007.   The law in force prior to the adoption of the Revised Statutes did not require the certificate of the officer before whom the acknowledgment was made to show that the person who made the acknowledgment was known to the officer taking the same; but it provided that if such person was unknown to the officer, that his identity should be proved by his own affidavit, or by witnesses known to the officer, which proof or affidavit had to be indorsed upon the instrument of writing by the officer taking the acknowledgment.   Pasch. Dig., 5010.   In addition to the requirements of the former law, the law now requires the certificate of the officer to show, if it be the fact, that the person making the acknowledgment is known to the officer to be the person whose name is signed to the instrument; and a certificate which substantially shows that fact is in compliance with the statute.   In the certificates of acknowledgment objected to in this cause, it is stated that the persons whose names are given were well known to the officer, and that such persons acknowledged that they signed and delivered the instruments.   This declaration of the officer, that the person making the acknowledgment is well known to him, the name of such person being given in the certificate, that name being the same as is signed to the instrument, coupled with the declaration that such named person, well known to the officer, acknowledged that he executed the instrument, identifies the party so executing; and such a certificate is a substantial compliance with the statute; for it carries with it evidence that the officer knew personally that the person who executed the instrument was the person whose act the deed or other instrument purports to be.

There is no error in the judgment of the court below, and the same is affirmed.

AFFIRMED.

[Opinion delivered April 18, 1882.]