## F. J. BEITEL v. IDA WAGNER ET AL.

### No. 657.

**Acknowledgment of Married Woman—Omission of "Known" Fatal.**

A certificate of the acknowledgment of a married woman which fails to state, as required by the statute, that she was known or made known to the officer, is fatally defective.

APPEAL from Bexar. Tried below before Hon. S. G. NEWTON.

*Clark, Summerlin & Fuller,* for appellant.—In order to fix the lien, it

is not necessary for the husband to acknowledge the contract, and the acknowledgment of the wife, Mrs. Ida Wagner, is in substantial compliance with the statute. Watkins v. Hall, 57 Texas, 1; Gray v. Kaufman, 82 Texas, 65; Sowers v. Peterson, 59 Texas, 216.

*James Routledge*, for appellees.—The mechanic's lien contract sued upon had not been acknowledged in accordance with law by plaintiff (a married woman) and her husband, and was therefore void and ineffective to give any lien upon the homestead. 2 Sayles' Civ. Stat., arts. 4308, 4309, 4310, 4313, 3174; Hayden v. Moffatt, 74 Texas, 650, s. c. 12 S. W. Rep., 820; Salmon v. Huff, 15 S. W. Rep., 1047; Johnson v. Bryan, 62 Texas, 623; Barnes v. White, 53 Texas, 631; Berry v. Donley, 26 Texas, 745; Fitzgerald v. Turner, 43 Texas, 79; Cameron v. Gebhardt, 21 S. W. Rep., 786, s. c. 22 S. W. Rep., 1034.

JAMES, CHIEF JUSTICE.—The suit was brought by Ida Wagner on her own behalf and as guardian of her minor children to remove cloud from the title to a lot, and to cancel a mechanic's lien and note asserted against the lot, held by appellant, so far as the note and lien affected the lot in question.

The defendant answered at length, and set forth a writing purporting to be a contract entered into by Ida Wagner and her husband, C. L. Wagner (since deceased), and F. J. Beitel, which in its terms was sufficient to give Beitel a lien on the property, their homestead, for improvements. The acknowledgment thereto is as follows:

"The State of Texas, }
"County of Bexar. }

"Before me, the undersigned authority, personally appeared C. L. Wagner, whose name appears to the foregoing instrument of writing, and acknowledged that he had signed and delivered the same for the uses, purposes and considerations therein contained and at length set forth.

"Also at the same time and place personally appeared Ida Wagner, wife of the said C. L. Wagner, parties of the foregoing instrument of writing, bearing date of 28th day of March, 1889, and having been examined by me privily and apart from her husband, and having the same fully explained to her, she, the said Ida Wagner, acknowledged the same to be her act and deed, and declared that she had willingly signed, sealed and delivered the same, and she wishes not to retract it.

"To certify which, I hereby sign my name and affix my seal, this 28th day of March, A. D. 1889.                    "C. L. Lowday,
                         "Notary Public, Bexar County, Texas."

The court held, sustaining demurrers to the answer, that the instrument had not been acknowledged in such manner as to confer the lien, and appellants, presumably not caring to amend, the court rendered judgment for the appellees. The main question in the case, and the

only one we shall consider, is the sufficiency of the wife's acknowledgment to the instrument. Appellant says in behalf of the acknowledgment that it is therein stated that she appeared in person, that she was the same party who signed the paper, and that she acknowledged the same to be her act and deed, that it appears that the name given in the certificate is the same that is signed to the instrument, and that the certificate further identifies her as the wife of C. L. Wagner.

These considerations are relied on as dispensing with the omission to state that she was known to the notary.

The legislature had a specific purpose in requiring the acknowledgment to state that the person was known to the officer, or if not known, that the officer had satisfactory evidence on the oath or affirmation of a credible witness of the identity of the individual executing the instrument with the one making the acknowledgment. The necessity of such recital, or one in substance the same, has repeatedly been held. Hayden v. Moffatt, 74 Texas, 650; McKie v. Anderson, 78 Texas, 207; Frost v. Erath Cattle Co., 81 Texas, 510; Watkins v. Hall, 57 Texas, 1.

The certificate of acknowledgment in question does not purport to comply with this provision of the statute. The recital that the party appeared in person, or the fact of identity of name, or in case of a married woman, that she was the wife of the one who signed with her, or all these combined, are not the same, or substantially the same, thing.

We conclude therefore that the judgment should be affirmed.

*Affirmed.*

Delivered October 2, 1895.