**ADVANCE-RUMELY THRESHER CO. v. BLEVINS et al. (No. 6886.)**

(Court of Civil Appeals of Texas. San Antonio. Feb. 14, 1923. Rehearing Denied March 14, 1923.)

1. **Husband and wife �köð276(1)—Invalid administration of community property not void, but voidable only in direct proceeding.**

An invalid administration of community property is not void, but voidable, and any illegality that may exist can only be questioned through the probate court which granted the administration, and then only in a direct proceeding and not collaterally, as by an attack upon the title to land sold by the administrator.

2. **Husband and wife ⊦köð276(6)—Community administrator has full power to sell.**

Under Rev. St. arts. 3595–3600, a community administrator has full power to sell all the community estate to pay the community debts and wind up the estate.

3. **Husband and wife ⊦köð268(2)—Community property liable for community debts except as exempt from forced sale.**

Community property is liable for the community debts except that which is exempt from forced sale.

4. **Homestead ⊦köð146—Husband and wife ⊦köð 273(8) — Independent of debts surviving spouse may sell homestead.**

Independent of the existence of community debts, the surviving spouse has the right to sell the community property, though it be the community homestead.

5. **Homestead ⊦köð146—Husband and wife ⊦köð 276(6)—Survivor, qualified as community administrator, may sell homestead, though estate insolvent.**

The survivor, who qualifies as community administrator, has the power and authority to sell and pass good title to the community homestead, whether estate be insolvent or not.

6. **Homestead ⊦köð153—Husband and wife ⊦köð 276(6)—Community homestead property does not become subject to debt by reason of administration and sale.**

Judgment creditors, having no lien upon the community homestead, do not acquire, by reason of administration and sale of such homestead by the administrator, any right to subject it to the satisfaction of their claim.

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

Suit by C. A. Blevins and another against the Advance-Rumely Thresher Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Emmett B. Cocke, of San Antonio, for appellant.

Wm. A. Wurzbach and Howell J. Mueller, both of San Antonio, for appellees.

COBBS, J. This was a suit instituted by W. J. Lytle and C. A. Blevins against John W. Tobin, sheriff of Bexar county, Tex., and the Advance-Rumely Thresher Company, a private corporation, and in the petition they alleged that on the 24th day of December, A. D. 1920, August Liebe, individually and as survivor in community in the estate of Amalia Liebe, deceased, said August Liebe having duly qualified on the 16th day of December, A. D. 1920, conveyed to said C. A. Blevins a certain tract of land described in said petition; that thereafter said C. A. Blevins and wife, Jessie H. Blevins, conveyed to W. J. Lytle 60.23 acres, being a portion of the land conveyed to said Blevins by said Liebe; that said C. A. Blevins and W. J. Lytle were then the owners in fee

simple of said lands described in said deeds; and further alleged that on July 5, 1916, said defendant Advance-Rumely Thresher Company recovered judgment in the district court of Dallas county, Tex., against Fritz Liebe, Fritz Kraut, and August Liebe, for the sum of $3,351.25, with interest thereon at the rate of 10 per cent. per annum, and afterwards, to wit, on the 9th day of March, A. D. 1921, caused execution to be issued therein directed to the sheriff of Bexar county, Tex.; that afterwards, to wit, on the 28th day of March, A. D. 1921, said John W. Tobin, sheriff of Bexar county, Tex., levied said execution upon the lands and premises in said petition described, belonging in fee simple to said C. A. Blevins and W. J. Lytle; that the said defendant John W. Tobin, as sheriff of Bexar county, Tex., had advertised said lands for sale, to be sold to the highest bidder, for cash, between the hours of 10 o'clock a. m. and 4 o'clock p. m., on Tuesday, May 23, A. D. 1921. Plaintiffs asked for a writ of injunction restraining said John W. Tobin, sheriff of Bexar county, Tex., from selling plaintiffs' aforesaid land under and by virtue of said execution hereinbefore described, and that on said final hearing said injunction be made perpetual. The temporary writ for injunction was granted and perpetuated on final trial. Appellants recovered the judgment about July 5, 1916, against Fritz Liebe, Fritz Kraut, and August Liebe, which judgment was kept alive by the issuance of executions thereon and abstracts thereof duly recorded in the proper books for that purpose in Bexar county to fix the alleged lien.

On February 8, 1919, Amalia Liebe, wife of said August Liebe, died, and left surviving her her said husband and three children, Ludwig Liebe and Emma Liebe, both minors, and the judgment debtor, Fritz Liebe, who was 21 years of age, her only heirs at law, who inherited one-half interest of the said estate of Amalia Liebe, deceased. After her death August Liebe continued to live upon, use, and occupy the homestead tract as a home until about the 24th day of December, 1920, on which date, he, having qualified as survivor of the community estate of himself and Amalia Liebe, deceased, and as such, sold the land to C. A. Blevins and moved to another home. On December 16, 1920, he filed said application, alleging that his said wife died February 8, 1919, leaving the said named children and her said husband surviving, representing that there was a community estate existing between himself and his said wife. She having died intestate, the court appointed appraisers to appraise the community estate, who in conjunction with the said August Liebe inventoried all the community property, including the said 200-acre homestead tract, and appraised the same at $6,000. August Liebe, being appointed, qualified as community survivor by giving the proper bond required by statute,

and sold the property as such administrator to C. A. Blevins.

The question to be decided here was: First, whether or not that was a valid administration; and, second, did the sale by such community administrator under said appointment pass a full and complete title to the appellees.

[1] Whatever may be said of the administration, it was not void at most, if voidable. The probate court was authorized to appoint such community administrator, and the illegality, if any, can only be questioned through the court where it was granted, in some direct proceeding instituted for that purpose, and not by a collateral attack, as this is. McCarthy v. Texas Co. (Tex. Civ. App.) 235 S. W. 679.

[2, 3] A community administrator is vested with full power to sell all the community estate to pay the community debts and wind up the estate. Chapter 29 of title 52 of the Revised Civil Statutes is exclusively devoted to the subject of the administration of community property. The community property is liable for the community debts, except that which is exempt from forced sale. In order to receive the benefits of a community administration by the survivor, article 3595, R. S., requires an application for that purpose to be filed in the county (probate) court, stating the jurisdictional facts showing the necessity therefor. Article 3596, R. S., provides that the court shall appoint appraisers to appraise the estate. Article 3597, R. S., provides for the return of the inventory, appraisement, and list of indebtedness sworn to, and article 3598, R. S., provides for the bond of the survivor with two or more good and sufficient sureties, conditional in a sum "payable to and to be approved by the county judge * * * equal to the whole of the value of such community estate as shown by the appraisement, conditioned that he will faithfully administer such community estate, and pay over one-half the surplus thereof after the payment of the debts with which the whole of such property is * * * chargeable, to such person as shall be entitled to receive the same." Article 3599, R. S., provides that, after the court has passed on the inventory and approved the same, it "shall * * * authorize such survivor to control, manage and dispose of such community property in accordance with the provisions of this chapter," and article 3600, R. S., provides, after the order mentioned is entered, the survivor is authorized without any further action of the probate court, to "control, manage and dispose of such community property, real or personal, in such manner as may seem best for the interest of the estate." This is a most general and comprehensive power.

In securing this administration the surviving husband complied with every requirement of the law, and it was for that reason

a valid administration, and could successfully defy every collateral attack. McCarthy v. Texas Co., supra.

[4] Independent of the existence of community debts, the surviving spouse has the right to sell all the community property, though it be community homestead, if such course were in the best interest of the estate. Morse v. Nibbs (Tex. Civ. App.) 150 S. W. 766.

[5] The survivor who qualifies under this law possesses the power and the authority to sell and pass a good title to the community homestead, whether it be an insolvent estate or not. Johnson v. Taylor, 43 Tex. 122; Dawson v. Holt, 44 Tex. 174; Cordier v. Cage, 44 Tex. 535; Watkins v. Hall, 57 Tex. 1; Shannon v. Gray, 59 Tex. 252; Morgan v. Lomas (Tex. Civ. App.) 159 S. W. 869; Green v. Windham (Tex. Civ. App.) 230 S. W. 726.

[6] The appellants secured no rights to subject this property to its alleged debt and lien, for it was the homestead of August Liebe and his family all the time—"once a homestead, always a homestead"—until its character is lost as such by abandonment or the acquisition of a new one. It was not changed by such administration and the sale thereunder, and appellants thereby were placed in no worse condition or fix than they were before such administration.

On a careful consideration of this case, and after reading all the authorities cited by both parties, we are convinced no reversible error is assigned, and the judgment accordingly is affirmed.