[Civil No. 2317.  Filed December 11, 1925.]

[241 Pac. 514.]

T. D. LOVE and SEVENTY-NINE MINING COMPANY, a Corporation, Appellants, v. Y. BRACAMONTE, Doing Business Under the Name and Style of "THE PHOENIX GROCERY & MEAT MARKET," et al., (Intervening Creditors Below), Appellees.

1. CORPORATIONS—PROMOTER OF SALE OF ASSETS, HAVING PAID AMOUNT OF DEBTS WHICH HE AGREED TO PAY, HELD NOT LIABLE WITH GRANTEE AS TRUSTEE FOR CREDITORS.—Promoter who took title to assets of mining corporation as intermediary in transfer to grantee, and who paid debts of grantor corporation in full amount to which he had agreed, *held* not liable in suit by creditors of grantor to hold him liable with grantee as trustee of assets, since his agreement to pay debts was only predicate of liability, and that had been performed.

2. TRUSTS—JUDGMENT COULD NOT BE ENTERED AGAINST PROMOTER AS TRUSTEE OF CREDITORS OF GRANTOR COMPANY, WHERE HE PARTED WITH PROPERTY BY CONVEYANCE TO GRANTEE PURSUANT TO AGREEMENT CREATING HIM TRUSTEE.—Judgment could not be entered against promoter of sale of corporate assets as trustee of creditors of grantor company, where he parted with property by conveyance to grantee pursuant to agreement creating him trustee.

3. Appeal and Error—Points Urged on Rehearing, Which are Re-arguments or Raised for First Time, will not be Considered. Points urged as grounds for rehearing, which constitute reargument of propositions already considered, or points raised for first time, will not be considered.

See (1) 14a C. J., p. 932, n. 99 New.   (2) 39 Cyc., p. 528, n. 60 New.   (3) 4 C. J., p. 623, n. 14; p. 631, n. 94.

On motion for rehearing of appeal from a judgment of the Superior Court of the County of Pima. W. R. Chambers, Judge. Order of affirmance heretofore entered is now modified. For former opinion, see *ante*, p. 227, 240 Pac. 351.

Mr. Selim M. Franklin, for Appellants.

Mr. Alexander Murry, for Appellees.

ROSS, J.—Appellant Love in a motion for rehearing reminds us that we were mistaken in refusing to consider assignment number six upon the ground that it had not been argued, and cites us to the place in brief where such assignment was taken up and argued in connection with assignment number three. Our oversight can be accounted for in part at least by the transposition of this assignment from the end of the brief, where in its order it belonged, to another part thereof, and to the further fact that it was treated in brief as depending upon the same law and facts as assignment number three. We were of the opinion when we stated that assignment number six was waived that it was good, and it would have been so held except for the fact that we thought it had been abandoned by appellant Love.

The facts show that Love was a promoter and an intermediary between the grantor, Continental Com-

3.   See 2 R. C. L. 173.

mission Company, and grantee, Seventy-Nine Mining Company; that he took title in his name and agreed to pay the consideration for transfer mainly for the purpose of facilitating the deal and acquiring control of the future operation and development of the mining property. The consideration he agreed to pay consisted of three items, to wit, balance of purchase price of option $62,500; to assume the indebtedness of the Continental Commission Company, estimated at $60,000; and to advance for equipment and operating expenses $27,500, but in no event was he to pay more than $150,000.

The only ground for letting judgment go against Love must have been on his agreement to pay the debts of the old company. It is, we think, conclusively shown from the record that he had fully performed that part of his contract.

The judgment cannot go against Love as a trustee of creditors of the Continental Commission Company, since he parted with the title to mining claims by conveying such title to the Seventy-Nine Mining Company.

Appellant urges other points as ground for a rehearing but, inasmuch as they are either a reargument of propositions already considered or are raised for the first time, we refuse at this time to consider them.

The order of affirmance heretofore entered is modified to conform with what we have here stated; that is, the judgment should be reversed as to Love, but affirmed as to the Seventy-Nine Mining Company, and it is so ordered.

McALISTER, C. J., concurs.