JOHN ROBERT BREWER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25411. Promulgated September 30, 1929.

714

*George S. Atkinson, Esq.*, and *Luke B. Garvin, C. P. A.*, for the petitioner.
*Frank S. Easby-Smith, Esq.*, for the respondent.

OPINION.

MILLIKEN: Our decision in *Taylor Oil & Gas Co. et al.*, 15 B. T. A. 609, disposes of all questions affecting the deficiency in tax against that company.

No evidence was introduced on the question whether respondent determined the liability of petitioner within the period prescribed by the statute of limitations and petitioner has apparently abandoned such contention.

Petitioner's various contentions to the effect that section 280 is unconstitutional are foreclosed by our decision in *Henry Cappellini et al.*, 14 B. T. A. 1269.

Respondent has determined that petitioner is liable at law or in equity for the tax of the Taylor Oil & Gas Co., hereafter called the Oil Company, for the year 1920 to the extent of $5,000. By section 602 of the Revenue Act of 1928, it is in part provided:

In proceedings before the Board the burden of proof shall be upon the Commissioner to show that a petitioner is liable as a transferee of the property of a taxpayer, but not to show that the taxpayer was liable for the tax.

In order to meet the provisions of this section, respondent placed petitioner on the stand. He was the only witness who testified at the hearing. By him it was shown that he purchased, and paid for with community funds, 36 shares of capital stock of the Oil Company; that, as hereafter shown, other shares of stock belonging to Kenny were placed in his name; that the amount paid in liquidation of the Oil Company was equal to $110 per share; that petitioner was paid in respect of all the shares then standing in his name the sum of $8,470, and that what he received by reason of the ownership of the 36 shares which actually belonged to him was the sum of $3,960. Respondent has determined that petitioner is liable in law or in equity in the sum of $5,000, which amount is less than that which petitioner received for all the shares standing in his name, is more than he received for the shares he owned outright, and bears no proportionate rate to any amount disclosed by the record. Nevertheless, respondent insists that the assessment as determined by him should be approved.

It is shown by the testimony of petitioner, which is not contradicted, that Kenny's stock was transferred to him for the sole purpose of having petitioner represent him at the stockholders' meeting. Nothing of value was paid by or for petitioner with respect to such stock. Petitioner's liability to Kenny for the proceeds of the stock was absolute. When the money was received by petitioner his sole remaining duty was to pay to Kenny the amount represented by his shares of stock. This he did at once.

Respondent contends that since the stock stood in petitioner's name when the payment was made, he was a transferee of the property of the corporation, thus overlooking the provisions of section 280 to the effect that petitioner must be liable for the obligations of the Oil Company, either at law or in equity. Here petitioner's liability was purely equitable and his liability was one which could be enforced only upon equitable principles. See *Hollins* v. *Brierfield Coal & Iron Co.*, 150 U. S. 371; *McDonald* v. *Williams*, 177 U. S. 397; and *Lawrence* v. *Greenup* (C. C. A.), 97 Fed. 906. Here the right of Kenny to the proceeds of his stock was absolute and his equity was prior and superior to the equity of those asserting corporate obligations, including respondent. The stock was at all times Kenny's stock and the proceeds were at all times the property of Kenny. It would be exceedingly inequitable to compel petitioner to pay to the Government that which never was his property and which, in compliance with law and good faith he has long since paid to the person absolutely entitled thereto. Cf. *Love* v. *Bracamonte*, 241 Pac. 514. We are of opinion that petitioner's maximum liability was the amount of $3,960, which was the whole amount received by him in his own right.

Petitioner's next contention is that since the 36 shares of stock standing in his name constituted community property when purchased and was such property at the date of the death of his wife, he should be held liable only to the extent of one-half thereof. When respondent has established that the stock stood in the name of petitioner and that he received the money due on such stock arising from the sale by the Oil Company to the Magnolia Petroleum Co., he met the burden of proof imposed upon him by section 602 of the Revenue Act of 1928. It then devolved upon petitioner to show that in some way he was not liable in whole or in part. The only evidence introduced by petitioner was to the effect that the stock was purchased during the existence of the communiy and with the community funds and that his wife died during the year 1918. If no children survived, then the stock belonged to petitioner alone. Articles 2578 and 3662 of Vernon's Annotated Texas Statutes (1926 Edition). No testimony was introduced in this proceeding as to the existence of surviving children.

Again, no testimony was introduced as to whether proceedings had been had for the administration of the community property under chapter 27 of Title 54 of said statutes. Articles 3664, 3665, 3666, and 3667 in effect provide that the surviving husband, in case children survive, shall, within four years after the death of his wife, file an application in the county court showing the death of his wife, the existence of children, that there is community estate and ask-

ing the appointment of appraisers, that the court appoint such appraisers, that an appraisement be made showing the assets and liabilities of the community and that the survivor execute bond, conditioned that he will faithfully administer the community estate and pay over one-half of the surplus, after paying all debts against the estate. Articles 3668 and 3669 read:

ART. 3668. When such inventory, appraisement, list of claims and bond are returned to the county judge, he shall, either in term time or vacation, examine the same and approve or disapprove them by an order to that effect entered upon the minutes of the court, and, when approved, they shall be recorded upon the minutes of the court, and the order approving them shall also authorize such survivor to control, manage and dispose of such community property in accordance with the provisions of this chapter.

\* \* \* \* \* \* \*

ART. 3669. When the order mentioned in the preceding article has been entered, such survivor, without any further action in the county court, shall have the right to control, manage and dispose of such community property as may seem for the best interest of the estate and of suing and being sued with regard to the same, in the same manner as during the lifetime of the deceased, and a certified copy of the order of the court mentioned in the preceding article shall be evidence of the qualification and right of such survivor. \* \* \*

The general effect of article 3669 is that the community existing at the date of the death of the wife shall continue under the bond in the same manner as it existed prior to the death of the wife, the surviving husband alone having the right to control, manage and dispose of the community property. In *Advance-Rumely Thresher Co.* v. *Blevins* (Tex. Civ. App.), 248 S. W. 1086, it is said:

Independent of the existence of community debts, the surviving spouse has the right to sell the community property, though it be community homestead, if such course were in the best interest of the estate. *Morse* v. *Nibbs* (Tex. Civ. App.) 150 S. W. 766.

The survivor who qualifies under this law possesses the power and the authority to sell and pass a good title to the community homestead, whether it be an insolvent estate or not. *Johnson* v. *Taylor*, 43 Tex. 122; *Dawson* v. *Holt*, 44 Tex. 174; *Cordier* v. *Cage*, 44 Tex. 535; *Watkins* v. *Hall*, 57 Tex. 1; *Shannon* v. *Gray*, 59 Tex. 252; *Morgan* v. *Lomas* (Tex. Civ. App.) 159 S. W. 869; *Green* v. *Windham* (Tex. Civ. App.) 230 S. W. 726.

Under this article the surviving spouse is the only one who can sue or be sued on community obligations. Thus it appears that if respondent had proceeded in court instead of under section 280, petitioner was the one who as survivor of the community received the money and was the one against whom respondent should have proceeded. Since petitioner has not shown that he is relieved of

liability, either by proving the existence of surviving children or that he has not proceeded, as required by the statutes of Texas, to assume administration of the community as survivor, we are compelled to affirm the action of respondent in determining that petitioner is liable for the whole amount he actually received for the 36 shares of stock previously owned by the community.

We may state in passing that although petitioner has not proven the facts to which we have referred, nevertheless in the proceeding of *J. R. Brewer, Administrator of the Estate of Maggie Brewer,* 17 B. T. A. 704, which was tried by the same counsel and before the same presiding member, it was shown that children did survive the death of Mrs. Brewer and that in 1920 petitioner did proceed in the county court, as required by chapter 27 of Vernon's Annotated Texas Statutes; did have appraised therein the 36 shares of stock; did give the bond; that no distribution of the community had been made and that petitioner is now acting as survivor of the community. Traveling outside of the record, we reach the same conclusion and find that respondent's action in determining petitioner's liability for the whole amount received upon the 36 shares of stock was proper.

In concluding our opinion in *Taylor Oil & Gas Co. et al., supra,* we said:

In conclusion, we find (1) that the sale in question was a sale by the Gas Company to the Magnolia Company; and, by stipulation, (2) that the amount of corporation tax arising from such sale and incurred by the Gas Company for which the petitioner transferees are liable, is $34,398.83; (3) that such transferees and petitioners as are known to this Board are: Robert Scott Dilworth, Gonzales, Tex.; Coke Emory Dilworth, Gonzales, Tex.; Frank R. Womack, Taylor, Tex.; George Mendel Booth, Taylor, Tex.; James A. Thompson, Taylor, Tex.; Oscar E. Roberts, Taylor, Tex.; Thomas E. Burns, San Antonio, Tex.; Charles H. Burns, San Antonio, Tex.; J. Vernon Stiles, Taylor, Tex.; Eliza Stiles, Taylor, Tex.; Edmond Doak, Taylor, Tex.; Howard Bland, Sr., Taylor, Tex.; Steve G. Gernert, Taylor, Tex.; Will R. Dulaney, Houston, Tex.; and Charles H. Cooke, San Antonio, Tex.

The transferees presented no evidence, other than the notice mailed to them by the Commissioner, as to the amount of the liability of each of them. The total of the several amounts claimed by the Commissioner to be due from the petitioner transferees is $53,000, while the deficiency in respect to the tax of the Gas Company is $34,398.83.

Although it thus appears that the whole tax due from the Oil Company is the amount of $34,398.83 and that respondent has determined and we have approved his determination that fifteen stockholders, not including petitioner, are liable for this tax in the aggregate amount of $53,000, nevertheless under the rule laid down in *Henry Cappellini et al.,* 16 B. T. A. 802, we are of opinion that petitioner is liable in the amount of $3,960.

Reviewed by the Board.

*Judgment will be entered under Rule 50,*