372

CHARLES D. JAFFEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LOUIS J. JAFFEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JULIUS SCHWARTZ, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HARRY H. SCHWARTZ, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 26587–26590. Promulgated November 29, 1929.

*Harry T. Lore, Esq.*, for the petitioners.
*J. E. Mather, Esq.*, for the respondent.

OPINION.

ARUNDELL: As set forth above we assume that the petitioners have abandoned the errors alleged as to the respondent's computation of invested capital and his failure to compute the profits taxes of Schwartz & Jaffee, Inc., under the special assessment provisions, but if we are wrong in our assumption, we dispose of the alleged errors by affirming the respondent because of the lack of any evidence to support the petitioners' claims.

At the hearing counsel for petitioners stated that he does not admit that the petitioners are transferees under section 280 of the Revenue Act of 1926. However, in view of the facts stipulated there can be no doubt that the petitioners are transferees of the property of Schwartz & Jaffee, Inc., and the respondent is thus relieved of the burden of proof placed on him by section 602 of the Revenue Act of 1928. See *Louis Costanzo et al.*, 16 B. T. A. 1294, 1296, and *John R. Brewer*, 17 B. T. A. 713.

The remaining contention of petitioners as to the validity of section 280 of the Revenue Act of 1926, is disposed of by our decision in *Henry Cappellini et al.*, 14 B. T. A. 1269.

> *Decision will be entered for the respondent in each case.*