*382 OPINION.
McMahon :
In view of the stipulation that the petitioners herein are liable as transferees of the National Engineering Corporation, a dissolved corporation, within the meaning of section 280, except for the petitioner, Walter E. Hettman, these proceedings, in the last analysis, present the following issues for our determination: (1) The constitutionality of section 280 of the Revenue Act of 1926; (2) whether respondent correctly computed the net income of the National Engineering Corporation for the years 1918 and 1919; (3) the applicability of the statute of limitations;. and (4) whether Walter E. Hettman is liable for any part of the taxes due, if any, from the National Engineering Corporation.
The first issue must be decided adversely to petitioners, in view of our decisions in Henry Cappellini, 14 B. T. A. 1269; South Penn Oil Co., 20 B. T. A. 1180; and Edward H. Garcin, 22 B. T. A. 1027, and in view of the decision of the Supreme Court in Phillips v. Commissioner, 283 U. S. 589. In their brief, petitioners, except Hettman, admit that they are liable as transferees for the 1919 deficiency if section 280 is constitutional. Therefore, in view of our decision on this issue, we approve respondent’s determination that petitioners, with the exception of Hettman, are liable as transferees for the 1919 deficiency, amounting to $5,785.46.
Likewise, the second issue must be determined adversely to the petitioners, because the evidence is insufficient to show error in respondent’s method of computing the taxpayer’s net income for the years in question. At the hearing petitioners attempted to lay the foundation for secondary evidence relative to the claim asserted against the Government under certain contracts, upon the ground that they could not produce the original records of their transactions with the Shipping Board, but they were unable to lay a proper foundation for such secondary evidence. Accordingly, the record is silent as to how the sums received from the Shipping Board should be allocated. In this situation the Board must affirm' the allocation made by the respondent, since the burden of showing error rested upon the petitioners.
The third issue relates to the bar of the statute of limitations, and involves the collection of the 1918 tax and the unpaid portion of the • *383 tax assessed on the National Engineering Corporation’s original 1919 return. The stipulated facts show that the taxpayer corporation filed its 1918 income and profits tax return on June 16, 1919; that the deficiency letters addressed to these petitioners show that a deficiency of $5,681.69 was assessed against the corporate taxpayer on February 25, 1924; and that said deficiency has not been paid nor has any suit or proceeding been instituted for the collection of said tax, other than these appeals.
The stipulated facts and documentary evidence further show that the taxpayer corporation filed its 1919 income and profits tax return on May 15, 1920; that on May 27, 1920, a tax of $7,885 was assessed against it on the basis of said return; that of the original tax so assessed only $4,811.11 was paid, leaving a balance due of $3,073.89, which is still unpaid; that no suit or proceeding has been instituted to collect such unpaid balance; that a “waiver,” dated January 28, 1925, was filed for the taxpayer corporation by its former president for the purpose of extending the time for making any assessment of income and profits taxes for the year 1919 until December 31, 1925; and that on March 3, 1925, a deficiency of $5,785.46 was assessed against said corporation with respect to its 1919 tax liability.
Under these facts the petitioners contend that the 1918 deficiency and the unpaid portion of the original 1919 tax are barred by the statute of limitations, citing inter alia, D. E. Wheeler, 16 B. T. A. 96, and Caroline J. Shaw, Executrix, 21 B. T. A. 400.
Considering, first, the bar of the statute of limitations as it applies to the deficiency for 1918, we find that the facts herein bring these proceedings within our decisions in the Shaw and Wheeler cases, supra, and our decision in E. N. & O. M. Ennis, 21 B. T. A. 406. The deficiency assessment was made on February 25, 1924, which was within the 5-year period of limitation for assessment and collection provided by section 250 of the Revenue Act of 1918, and was prior to the enactment of the Revenue Act of 1924, which occurred on June 2, 1924. Since the assessment was made before June 2,1924, section 278 of the 1924 Act did not serve to extend the period of limitation for collecting the assessment. Russell v. United States, 278 U. S. 181.
The statute of limitations having run against the transferor taxpayer, no suit against the transferee could be had (Russell v. United States, supra; United States v. Updike, 281 U. S. 489) unless the time in which suit may be brought against a transferee is extended by section 280 of the Revenue Act of 1926.
It has been repeatedly held by the Board that where the statutory period for assessment did not expire until after the enactment of the 1926 Act, section 280 (b) (1) of such act is applicable and thereunder *384 the statutory period of limitation for assessment of liability of a transferee is extended one year. J. A. Kemp, 20 B. T. A. 875; National Bank of Commerce, 19 B. T. A. 1080; Louis Costanzo, 16 B. T. A. 1294. Section 280 (b) (1), however, is not applicable in cases where the period of limitation has expired prior to the passage of the 1926 Act. Barron-Anderson Co., 17 B. T. A. 686.
Although the facts herein apparently bring this proceeding within section 280 (b) (2) of the 1926 Act, such section is not applicable. In Caroline J. Shaw, supra, in construing section 280 (b) (2), it was stated that it applied:
* * * to assessments made before the passage of the 1926 Act, which did in fact at the time they" were made serve to extend the period for collection, which would include all valid assessments made after the passage of the 1924 Act, but would, not include assessments made before June 2, 192b, which it has now been definitely held in the Russell case were not included in the provisions extending the period for collection. [Italics supplied.]
Therefore, the assessment and collection of the asserted deficiency for the year 1918 against the petitioners, as transferees, is barred.
We have next to consider whether the respondent is barred from collecting the unpaid portion of the original 1919 assessment, and in this connection we must examine the waiver that was filed to determine its effect upon the period of limitations for collecting this original assessment. The 1919 return of the taxpayer was filed on May 15,1920, and the period of limitation for collection expired five years thereafter, unless extended by consent of the parties.
In 1920 the National Engineering Corporation was dissolved. On or about January 28, 1925, the former president of such corporation signed a waiver on behalf of such corporation providing in part that “ the time prescribed by law for making any assessment of * * * taxes due under any return made by or on behalf of the taxpayer for the year 1919 ” be extended until December 31, 1925. Assuming this waiver to be valid and giving it a construction most favorable to the respondent, nevertheless it is of no significance herein, as the time was extended thereunder only to December 31, 1925. The first notice of deficiency sent to certain of the petitioners was mailed November 6, 1926.
What we have heretofore stated with respect to the 1918 taxes applies equally here. Since the assessment was made May 27, 1920, prior to the enactment of the 1924 Act, the statutory period is not extended under the 1924 Act or the 1926 Act, and collection of the unpaid portion of the original 1919 assessment is therefore barred.
The remaining issue is whether Walter E. Hettman was a transferee within the meaning of section 280 of the 1926 Act. The stipulated facts show that Kibele transferred certain shares of stock in *385 ihe taxpayer “ merely for the purpose of having said Walter E. Hettman represent him, * * * at the meetings of the stockholders and directors ” of the taxpayer corporation. Upon dissolution of the corporation Hettman received and immediately thereafter paid over to Kibele his proportionate part of the assets.
In our opinion these facts present a stronger case for the petitioner Hettman than did the facts in John Robert Brewer, 17 B. T. A. 713, wherein we said:
Respondent contends that since the stock stood in petitioner’s name when the payment was made, he was a transferee of the property of the corporation, thus overlooking the provisions of section 280 to the effect that petitioner must be liable for the obligations of the Oil Company, either at law or in equity. Here petitioner’s liability was purely equitable and his liability was one which could be enforced only upon equitable principles. See Hollins v. Brierfield Coal & Iron Co., 150 U. S. 371; McDonald v. Williams, 177 U. S. 397; and Lawrence v. Greenup (C. C. A.), 97 Fed. 906. Here the right of Kenny to the proceeds of his stock was absolute and his equity was prior and superior to the equity of those asserting corporate obligations, including respondent. The stock was at all times Kenny’s stock and the proceeds were at all times the property of Kenny. It would be exceedingly inequitable to compel petitioner to pay to the Government that which never was his property and which, in compliance with law and good faith he has long since paid to the person absolutely entitled thereto. Cf. Love v. Bracamonte, 241 Pac. 514. We are of opinion that petitioner’s maximum liability was the amount of $3,960, which was the whole amount received by him in his own right.
In view of the foregoing decision we hold that Walter E. Hett-man is not a transferee of the taxpayer within the meaning of section 280 of the 1926 Act, and that the deficiencies in the other proceedings shall be redetermined in accordance herewith. In view of the fact that Kibele is one of the petitioners herein, his liability should be computed upon the basis of the liquidating dividends from the taxpayer corporation, amounting to $8,203.60 plus $1,400.60, which Hett-man received for him.

Decision will be entered, v/nder Rule 50.