## D. A. Barrett et al. v. Eastham Bros.

### Decided February 28, 1902.

**1.—Community Property—Judgment Against Survivor—Heirs—Parties.**

In all actions for death against a community estate upon which no administration is pending, the surviving partner of such community is the only necessary party defendant, and a judgment against such survivor will conclude the heirs of the deceased partner.

**2.—Same—Homestead—Mortgage—Foreclosure.**

Where a husband without the joinder of the wife, executed a mortgage on the community homestead, which was foreclosed after her death and the property sold thereunder, the heirs of the wife, though not made parties to the foreclosure suit, were precluded from asserting homestead rights in the property, since their rights in this respect could be asserted only through the husband, and were subordinate to his right to abandon the homestead, or to dispose of it by sale or mortgage in satisfaction of community debts.

**3.—Judgment—Foreclosure on Homestead—Jurisdiction.**

Where plaintiffs in trespass to try title claim under a judgment foreclosing a mortgage, defendants can not set up that the judgment is void because the mortgage was on homestead property, where there is nothing in the record in the foreclosure suit showing that the property was homestead and the court therefore without jurisdiction. Bordages v. Higgins, 1 Texas Civil Appeals, 45, distinguished.

**4.—Evidence—Transaction with Decedent—Party Disclaiming.**

Where a suit for land was brought against a surviving husband and the heirs of his deceased wife, plaintiffs claiming under a mortgage executed by the husband alone, who filed a disclaimer in the suit, the statute inhibiting parties to a suit from testifying as to transactions with a decedent had no application, since the husband was no longer a party, and plaintiffs' cause of action did not arise out of any transaction with the deceased wife. Rev. Stats., art. 2502.

**5.—Same—Wife's Separate Property.**

In such an action the heirs were entitled to prove by the husband that the land in controversy, the title to which stood in his name at the time it was mortgaged by him, was the separate property of the wife, paid for with a note which he gave her for money she had loaned him, and that plaintiffs knew of such facts before the. execution of the mortgage.

Appeal from Madison. Tried below before Hon. J. M. Smither.

*C. E. Gustavus,* for appellants.

*Ball, Dean & Humphrey,* for appellees.

PLEASANTS, Associate Justice.—This is an action of trespass to try title brought by the appellees against the appellants. The appellees claim the land under a sheriff's deed executed January 4, 1893, and made under an order of sale issued out of the District Court of Madison County upon a judgment rendered by said court on October 17, 1892, in favor of appellees against the appellant herein, D. A. Barrett, for the sum of $96.36 and cost of suit, and foreclosing a mortgage lien upon the land in controversy. This mortgage was executed by D. A. Barrett in the lifetime of his wife, Mattie J. Barrett, now deceased, who did not join in the execution of said mortgage. Appellant D. A. Barrett dis-

claimed in this suit. The other appellants herein are the children and heirs at law of Mattie J. Barrett, and as such claim the land in controversy.

The suit to foreclose the mortgage was instituted after the death of Mattie J. Barrett, and her heirs were not made parties thereto. D. A. Barrett filed no answer in said suit and judgment was rendered against him by default. Among other defenses set up by the defendants in the court below, they pleaded that the land in controversy was the homestead of their deceased mother, Mattie J. Barrett, and the defendant D. A. Barrett at the time of the execution of the mortgage, and is now the homestead of said Barrett and these defendants. To this answer appellees filed the following exception: "And especially excepting to that part of said answer wherein defendants seek to set up homestead rights of the defendants in the land in controversy herein, plaintiffs say the same is insufficient for this: It appears from the allegations in said answer in the same paragraph thereof in which said homestead rights are attempted to be set up that the premises in controversy were sold under a judgment foreclosing a lien thereon against the defendant, D. A. Barrett, and plaintiffs say that it follows from said allegations that all of the defendants herein are concluded and precluded from setting up any homestead rights in said premises, and of this they pray judgment." The court below sustained this exception, and this ruling is complained of in appellants' first assignment of error.

It seems to be well settled that in all suits for debt against a community estate upon which no administration is pending the surviving partner of such community is the only necessary party defendant, and a judgment against such survivor will conclude the heirs of the deceased partner of the community. The right of the survivor of the community to sell or mortgage community property for the purpose of paying community debts has long been recognized by the decisions of our courts, the rights of such survivor in this respect being the same as the rights of the survivor of an ordinary commercial partnership. It is also settled that a sale of community property under a judgment rendered for a community debt against the survivor will pass the title of the community to the purchaser at such sale just as effectually as if the sale had been voluntarily made by the survivor in satisfaction of the debt. The heirs of Mrs. Barrett had no homestead rights in the premises except such as could be asserted through D. A. Barrett, and were subservient to his right to abandon such homestead or to sell or otherwise dispose of same for the purpose of paying the debts of the community. Woodly v. Adams, 55 Texas, 531; Johnson v. Taylor, 43 Texas, 122; Carter v. Conner, 60 Texas, 52; Grothaus v. De Lopez, 57 Texas, 672.

We think it necessarily follows from these well settled principles of the law that the judgment against D. A. Barrett as survivor of the community establishing the validity of the debt and lien asserted by appellees against said community estate was conclusive and binding upon the heirs of Mrs. Barrett. It can not be doubted, under the decisions

above referred to, that in the absence of fraud or collusion on the part of D. A. Barrett and the appellees in obtaining said judgment the heirs of Mrs. Barrett would not be heard to question in this suit the validity of the debt sued on, and it seems to us to be equally clear that they are now precluded from questioning the validity of the mortgage. Upon first blush it would seem that, since upon the death of Mrs. Barrett the title to her property at once vested in her heirs, no lien could be established against said property by a judgment rendered in a suit in which the owners of the property were not parties, and as applied generally to the enforcement of liens upon property this contention would be absolutely sound. But for the purpose of expediting the settlement of claims against the estates of deceased persons, and of protecting such estates from expensive litigation, the law has provided by statute for the administration of estates by persons appointed by the courts, and the lawful acts of such administrator as well as all judgments legally obtained against him are binding upon all persons interested in the estate. The survivor of the community can, under the rules of law as established by the decisions of our courts, administer upon the community estate by applying the assets of such estate to the payment of community debts, and his lawful acts as such administrator, and all judgments obtained against him as such establishing debts against the community estate and liens against the community property in his possession, are as conclusive against the heirs as if done by or obtained against an administrator regularly appointed under the statute. This rule may be an arbitrary one, but it seeme to be a settled rule of decision in this State.

Appellants contend that under the case of Higgins v. Bordages they should be permitted to show that the lien sought to be enforced in the former suit brought by appellees against D. A. Barrett was a lien upon a homestead and void, and therefore the court was without jurisdiction to render any judgment in the case, the amount in controversy being below the jurisdiction of the court.

This contention finds no support in the authority cited. In the Bordages case the petition in the suit in which the judgment was rendered, which the Supreme Court declared void for want of jurisdiction in the court rendering it, disclosed that the property upon which the lien was sought to be established was a homestead. The want of jurisdiction being disclosed by the record in the case, the court held the judgment void. There is nothing in this decision which militates against the holding that the judgment in the foreclosure suit through which appellees claim title to the land in controversy is conclusive against appellants on the question of the validity of both the debt and lien therein asserted and established, there being nothing in the record in that suit showing that the court was without jurisdiction to try same. We are of opinion that the exceptions to appellants' answer were properly sustained by the court below.

The only issues submitted to the jury on the trial of the case were, was

the land in controversy the separate property of Mrs. Barrett, and if so did the appellees have notice of Mrs. Barrett's claim prior to or at the time of the execution of the mortgage by D. A. Barrett, who held the legal title to the land. Upon the issue as to whether the land was the separate property of Mrs. Barrett appellants offered to prove by D. A. Barrett that he knew of his own knowledge that the property in controversy was paid for with the separate means of Mrs. Barrett; that he paid for the property himself with a note which was the separate property of Mrs. Barrett; that he sold some land belonging to his wife in Wharton County, and in part payment therefor received two notes for $250 each which he borrowed from his wife, and that he afterwards sold land of his own and received in payment therefor a note for $500, which he turned over to his wife in lieu of the two $250 notes which he had borrowed from her, and that the land in controversy was purchased with this $500 note. The court below sustained objections to this testimony on the ground that the witness was incompetent to testify to these facts under article 2302 of the Revised Statutes, and that the offered testimony would involve a legal conclusion.

This ruling of the trial court is complained of by appellants in their third assignment of error. This assignment must be sustained. D. A. Barrett having filed a disclaimer, was not a party to the suit when offered as a witness, and it would seem that article 2302 has no application. Markham v. Carothers, 47 Texas, 21; Eastham v. Roundtree, 56 Texas, 110; Brittain v. Teschmacher, 31 S. W. Rep., 242.

But conceding for the sake of argument that the disclaimer would not in itself remove him as a party from the suit, we think the inhibition in the statute does not apply in suits of this character. The cause of action asserted by appellees in this suit does not arise out of any transaction between appellees and Mrs. Barrett. On the contrary they assert title to the land through transaction with D. A. Barrett alone, claiming that the land was never the property of Mrs. Barrett. The article of the statute referred to declares that "in actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate, or ward, unless called to testify thereto by opposite party, and the provision of this article shall extend to and include all actions by or against the heirs or legal representatives of the decedent arising out of any transaction with such decedent."

We are of opinion that neither the letter nor the spirit of this statute can be invoked in this case against the offered testimony of D. A. Barrett. Harris v. Seinsheimer, 67 Texas, 356; Wagner v. Isensee, 33 S. W. Rep., 155.

There is no merit in the objection that the offered testimony involved a legal conclusion. As set out in the bill of exceptions, the excluded testimony was of material facts within the knowledge of witness and involved no legal conclusion.

There was evidence in the case to the effect that appellees were notified prior to the execution of the mortgage by D. A. Barrett that the land was the separate property of Mrs Barrett, and the excluded testimony was therefore most material.·

None of appellants' remaining assignments present any reversible error and it would serve no useful purpose to discuss them in detail. For the error of the trial court in excluding the testimony of D. A. Barrett, before discussed, the judgment will be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*