## JOHNS v. WEAR. (No. 2353.)

(Court of Civil Appeals of Texas. Texarkana.
April 14, 1921.)

1. **Trespass to try title** ⬦⬦11—Plaintiff, who
shows complete chain of title from common
source, entitled to recover unless defendant
innocent purchaser.

Plaintiff in trespass to try title, having
shown a complete chain of title from the com-
mon source to herself, is entitled to recover
the land unless defendant as he claims was an
innocent purchaser for value.

2. **Evidence** ⬦⬦383(7)—Trespass to try title
⬦⬦38(2)—Burden to prove payment of pur-
chase money on junior purchaser despite re-
cital of payment in deed.

In trespass to try title by a prior purchas-
er from the common source recital in the jun-
ior purchaser's deed of payment of the pur-
chase money is not evidence against the prior
purchaser, and the burden of proof is on the
junior purchaser.

3. **Vendor and purchaser** ⬦⬦244—Evidence in-
sufficient to show defendant junior purchaser's
predecessor was innocent purchaser from
common source.

In trespass to try title by a prior purchas-
er against a junior purchaser from the com-
mon source, evidence *held* insufficient to show
that defendant junior purchaser's predecessor
was an innocent purchaser without notice from
the common source of title.

4. **Deeds** ⬦⬦31—Husband and wife ⬦⬦115—
Title remained in grantor after conveyance
to fictitious grantee.

A conveyance to a fictitious person was
inoperative, and the title remained in the gran-
tor as her separate property; she having ac-
quired it as a feme sole.

5. **Husband and wife** ⬦⬦138(1)—Married wo-
man incapacitated to make power of attor-
ney direct to husband to convey separate
property.

A married woman was incapacitated to
make a power of attorney direct to her hus-
band to convey her separate property.

Appeal from District Court, Bowie Coun-
ty; H. F. O'Neal, Judge.

Action by Mrs. Nannie E. Wear against
W. J. Johns. From judgment for plaintiff,
defendant appeals. Affirmed.

The action is by appellee in trespass to
try title to 215 acres of land of the P. S.
Wyatt survey. The defendant, the appel-
lant here, answered by general denial and
the plea of not guilty. The case was sub-
mitted to the jury on special issues, and on
their findings of fact judgment was entered
in favor of the plaintiff.

It was agreed in the trial that J. H. Smel-
ser was the common source of title under
whom both the plaintiff and the defendant
claimed title to the land. J. H. Henry and
wife conveyed to J. H. Smelser by deed dated

August 31, 1886, filed for record September
22, 1886, a tract of land containing 1,400
acres of the P. S. Wyatt headright survey.

The title to the plaintiff was deraigned
through the following conveyances:

(1) Deed by J. H. Smelser to G. B. Ellis,
dated September 4, 1886, acknowledged and
recorded September 30, 1886, conveying the
land in suit in consideration of $1,620 paid.
The deed records of Bowie county were de-
stroyed by fire on January 21, 1889, and this
deed was not recorded after the destruction
of such deed records by the fire.

(2) Deed from G. B. Ellis to Joe A. Car-
ter, dated September 6, 1886, re-recorded De-
cember 6, 1886, conveying the land in suit
in consideration of $752.50 evidenced by
notes secured by a vendor's lien retained in
the deed. This deed was not re-recorded
after the destruction by fire of the deed rec-
ords of Bowie county.

(3) A judgment of the district court of
Bowie county, dated March 9, 1888, wherein
J. H. Wear, Boogher & Co. as plaintiffs re-
covered of Joe A. Carter as defendant judg-
ment for $576.90 and costs of suit with a
foreclosure of the vendor's lien on the land
in suit; the judgment further providing ex-
ecution and order of sale of the land and
the proceeds of sale applied to the payment
of the debt and costs of suit.

(4) Deed by B. F. Hargett as sheriff to
M. A. Bassett, dated June 5, 1888, recorded
July 25, 1888, conveying the land in suit.
This deed was by virtue of sale under the
order of sale issued on the judgment men-
tioned above. This deed was, as appears,
"re-recorded after the destruction of the
Bowie county deed records by fire," but the
date thereof is not given.

(5) Deed by M. A. Bassett to J. H. Wear,
Boogher & Co., a firm composed of J. H.
Wear, J. L. Boogher, J. P. Boogher, and M.
Carlton, dated July 24, 1888, recorded July
24, 1888, conveying the land in suit in con-
sideration of $16. This deed was re-record-
ed on January 20, 1892.

(6) A special warranty deed by J. H.
Wear, J. L. Boogher, J. P. Boogher, and M.
Carlton to Wear & Boogher Dry Goods
Company, a corporation, dated January 2,
1892, recorded January 13, 1892, conveying
the land in suit; the consideration not ap-
pearing in the record.

(7) A special warranty deed by Wear &
Boogher Dry Goods Company, a corporation,
to J. H. Wear, dated December 12, 1893, re-
corded May 20, 1901, conveying, among oth-
er lands, the land in suit in consideration
of $600.

(8) Special warranty deed by J. H. Wear
to Samuel N. Holliday, trustee for separate
use and benefit of Nannie E. Wear, dated
December 12, 1893, recorded May 20, 1901,
conveying, among other tracts, the land in

suit "in consideration of one dollar and love and affection for the cestui que trust."

(9) Deed from Samuel N. Holliday, trustee to Nannie E. Wear, dated September 20, 1901, recorded April 2, 1912, conveying the land in suit in accordance with the trust deed above mentioned. Plaintiff and those under whom she claims paid the taxes on the land from 1889 to 1916, inclusive. This suit was filed February 9, 1917.

The title to the defendant was deraigned under the following conveyances:

(1) Deed by J. H. Smelser to Georgia E. Runnels, dated September 24, 1886, recorded September 25, 1886, conveying 1,400 acres out of the P. S. Wyatt survey, referring to the deed from J. H. Henry and wife to him for a description of the land, and reserving 50 acres in a square out of the southwest corner. The deed recites the consideration as "2,000 acres of land situated in Val Verde county that day conveyed to him by Georgia E. Runnels, which land is valued at $3,000.00, and the further consideration of $5.00 to him in hand cash paid." The deed was re-recorded July 27, 1895.

(2) Deed by J. H. Smelser to Georgia E. Runnels, dated August 18, 1887, recorded March 16, 1889, being "a deed of gift to Georgia E. Runnels of 1,400 acres of land in the P. S. Wyatt survey," embracing the land in suit.

(3) Deed by J. H. Smelser and Georgia E. Smelser, née Georgia E. Runnels, to Ludwig C. L. Treame of New York City, dated October 3, 1895, recorded September 20, 1897, conveying, among other tracts, the 1,400 acres of land above mentioned which embraced the land in suit.

(4) A power of attorney executed by Ludwig C. L. Treame on June 15, 1893, duly acknowledged and recorded October 13, 1900. By this power of attorney Treame authorized and empowered J. H. Smelser "to sell and convey in his name any and all lands owned by him in the state of Texas, or which might thereafter be acquired by him in any manner in such state, giving J. H. Smelser full power to sell for such prices and on such terms and to such purchasers as he might think to the interest of said Treame."

(5) Deed by "Ludwig C. L. Treame by his lawful agent, and attorney in fact, J. H. Smelser," to W. J. Johns, dated January 23, 1915, conveying the 215 acres in suit in consideration of $500 cash and a note for $1,000. It was orally proven that the money was paid and the note executed and delivered, payable to "J. H. Smelser or order" 12 months after date. Georgia E. Runnels married J. H. Smelser in 1890, and they were divorced by decree of court, in 1897.

(6) Deed by J. F. Ball, beneficiary under the probate will of Georgia E. Smelser, to W. J. Johns, dated January 20, 1919, con-

230 S.W.—64

veying the land in suit for $1. The record shows that Georgia E. Smelser married J. F. Ball after the divorce from J. H. Smelser, and that she died in 1905. She devised "all real and personal property of every description" to her husband, J. F. Ball.

(7) Defendant testified that when he bought the land he did not know that plaintiff or any one else except Treame had any claim to it, and that he knew nothing about J. H. Smelser having conveyed the land to Ellis, or any subsequent conveyance or sale under execution; that when he bought it he believed he was getting a good title to it; that he paid taxes on the land every year since he bought it.

The jury answered the special issues submitted to them as follows: (1) That there was no such real and living person as Ludwig C. L. Treame to whom the land was conveyed on October 3, 1895, by J. H. and Georgia E. Smelser, and that he was a fictitious grantee; and (2) that the deed from J. H. Smelser to Georgia E. Runnels of September 24, 1886, was not made in good faith between the parties and intending to convey the title, and that the grantee therein did not pay value for the land.

The evidence was, as to the mythical character of Ludwig C. L. Treame, disputed on the part of the defendant.

The deed of September 24, 1886, to Georgia E. Runnels, recites "2,000 acres of land situated in Val Verde county, Tex., this day conveyed to me by Georgia E. Runnels." The evidence respecting whether or not Georgia E. Runnels was an innocent purchaser for value of the land in suit was that of a witness who testified to the extent only that the said grantee inherited land certificates, and they were located on land in Val Verde county; but "these certificates were afterwards found to be in conflict with other valid land claims, and they were floated— these certificates were afterwards sold and I got the money." There appears no evidence as to whether or not Georgia E. Runnels made a deed of conveyance or made sale to the grantor in this above deed.

J. Q. Mahaffey, of Texarkana, and J. B. Manning, of New Boston, for appellant.
J. J. King, J. I. Wheeler, and A. L. Burford, all of Texarkana, for appellee.

LEVY, J. (after stating the facts as above). [1-3] The plaintiff in the suit, having shown a complete chain of title from the common source to herself, is entitled to recover the land unless the defendant was, as he claims, an innocent purchaser for value. Each party claims under J. H. Smelser as the common source of title. On September 4, 1886, J. H. Smelser, it appears, executed a deed to G. B. Ellis to the land in suit, and this deed was recorded September

30, 1886. This is plaintiff's line of title. But it appears that on September 24, 1886, before the registration of the deed to G. B. Ellis, a deed was made by J. H. Smelser to Georgia E. Runnels conveying 1,400 acres of land, which embraces the land in suit. This latter deed recited the consideration to be "2,000 acres of land situated in Val Verde county, Texas, this day conveyed to me by Georgia E. Runnels, which land is valued at $3,000.00, and the further consideration of $5.00 cash in hand paid." This is the defendant's line of title. As the first deed to G. B. Ellis was not recorded on the date of the second deed to Georgia E. Runnels, the subsequent vendee, Georgia E. Runnels, would be entitled, in virtue of the registration statute, to have the prior unregistered deed postponed to her subsequent conveyance, if it appears that she was a bona fide purchaser without notice of the title of the prior vendee and that the purchase money has been paid. A recital in the deed of the payment of the purchase money is not evidence against the prior purchaser, and the burden of proof is on the junior purchaser. Turner v. Cochran, 94 Tex. 484, 61 S. W. 923. And it would follow that if Georgia E. Runnels was a purchaser for value and without notice, the defendant in this case would succeed to all the rights of Georgia E. Runnels through his subsequent purchase from her devisee under will. Grace v. Wade, 45 Tex. 522. The defendant proved by a witness that Georgia E. Runnels did pay value for the land in the deed of September 24. But in view of the evidence the jury, in their province, had the right to disregard the evidence of the witness, and there were also circumstances that the jury could consider and from which they could conclude, as they did, that Georgia E. Runnels did not in fact pay value. She was a minor of 17 years of age at the date of the deed, and subsequently a deed of gift to her of the same land was made, and it does not appear that she ever asserted any claim to the land; it was not inventoried as a part of her estate. If the jury could, as in their province, disregard the evidence of the witness, then there is no evidence left to show a payment of value and purchase without notice. Georgia E. Runnels is therefore not shown to be an innocent purchaser without notice, and the defendant could not recover on that fact.

[4, 5] The jury made the finding that Ludwig C. L. Treame was a myth and that there was no such real person. The evidence, though disputed by the defendant, supports the finding. But appellant insists that appellee was not entitled to recover against the appellant by showing that Treame was a fictitious grantee. The conveyance by J. H. Smelser and Georgia E. Smelser (née Georgia E. Runnels) to Ludwig C. L. Treame on October 3, 1895, was inoperative, as there was no such person to take title, the grantee being a fictitious person. The title to the property then remained where it was—in Georgia E. Smelser as her separate property, being acquired, if she did so, as a feme sole. David v. Fire Ins. Co., 38 Am. Rep. 418. Treating the power of attorney by "Treame" to Smelser as being in effect a power of attorney by Georgia E. Smelser to J. H. Smelser, her husband, it was legally then inoperative because Georgia E. Smelser, a married woman, was incapacitated to make a power of attorney direct to her husband to convey her separate property. Georgia E. Smelser was divorced and married to another when J. H. Smelser as agent conveyed to defendant. The title then, if Georgia E. Runnels had any, is not shown to be in defendant before suit, and he cannot, in the circumstances, be legally considered an innocent purchaser.

The judgment is affirmed.