## DUBERRY et al. v. TEXAS LIFE INS. CO. et al. (No. 245.)

(Court of Civil Appeals of Texas. Waco. Dec. 10, 1925. Rehearing Denied Feb. 4, 1926.)

1. **Husband and wife ⬤⟺273(11)—Survivor may mortgage community property.**

As, under Rev. St. 1925, arts. 3664–3669, a survivor, acting in good faith, may sell community homestead, though there are no community debts, a mortgage and mechanic's lien by survivor creates a valid binding obligation on property.

2. **Husband and wife ⬤⟺273(12)—In foreclosure suit against survivor, who mortgaged community property, children need not be made parties.**

In foreclosure suit against survivor of community estate, who had executed a mortgage thereon, it was not necessary, under Rev. St. 1925, art. 3669, to make children parties, in absence of fraudulent or negligent acts on part of survivor.

Error from District Court, McLennan County; H. M. Richey, Judge.

Suit by Lucile Duberry and others against the Texas Life Insurance Company and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

Williamson & McDonnell, of Waco, for plaintiffs in error.

Kyle Vick, of Waco, for defendants in error.

BARCUS, J. This suit was instituted by plaintiffs in error against Texas Life Insurance Company in trespass to try title to an undivided one-half interest in certain lots in the city of Waco. The cause was tried to the court on an agreed state of facts, and judgment was entered against plaintiffs in error, quieting the title to the property in question in Texas Life Insurance Company.

The material facts necessary for the determination of this suit are that C. R. Duberry and Phœbe Duberry married about 1880, and lived together as man and wife until Phœbe Duberry died in 1911. At the time of her death she and her husband, C. R. Duberry, owned and occupied, as their community

homestead, two lots in the city of Waco, which were worth, with the improvements thereon, at the time of her death about $1,-000. She left surviving her her husband and seven minor children, and there were no community debts. In 1912, after her death, C. R. Duberry duly qualified under articles 3664 to 3669, inclusive, Revised Statutes, as survivor of the community estate, and shortly thereafter executed a mechanic's lien and deed of trust to the Owens Lumber Company to secure a loan for $1,260 for improvements which he had placed on said homestead property, and the improvements to said extent were admittedly placed thereon in 1912. Said notes, together with the liens securing same, were in due course of trade transferred to defendant in error, Texas Life Insurance Company. In November, 1917, the notes not having been paid, suit was instituted by the Texas Life Insurance Company against C. R. Duberry individually to foreclose the mechanic's and deed of trust lien on said property securing, the payment of said debt. Judgment was rendered foreclosing said liens and the property sold by the sheriff in June, 1918, and possession delivered thereunder to the Texas Life Insurance Company.

Plaintiffs in error are the minor children of C. R. Duberry and wife, and they contend that they are entitled to their mother's undivided one-half interest in said property, and that the deed of trust and mechanic's lien given by their father in 1912 to secure the improvements placed thereon and the sale thereunder were void: (1) Because it was not given for community debts and their father had no right to execute said mortgage to secure the payment of improvements placed on the homestead property; (2) that the foreclosure suit and the sale thereunder as to them is void because they were not made parties thereto.

[1] There is no contention in this case that there was any fraud perpetrated or that the property was not enhanced in value to the extent of the improvements placed thereon. Where the survivor of the community estate qualifies as such, article 3669 of the Revised Statutes provides that such survivor "shall have the right to control, manage and dispose of such community property, real or personal, in such manner as may seem best for the interests of the estate, and of suing and being sued with regard to the same, in the same manner as during the lifetime of the deceased." The courts, in construing said article, have held that the survivor may sell the community homestead, although there are no community debts, if he acts in good faith, and that a conveyance by the survivor passes an absolutely valid title as against the children. Johnson v. Taylor, 43 Tex. 121; Dawson v. Holt, 44 Tex. 174; Morse v. Nibbs (Tex. Civ. App.) 150 S. W. 766 (error refused);

Stone v. Light (Tex. Civ. App.) 228 S. W. 1108; Advance-Rumely Thresher Co. v. Blevins (Tex. Civ. App.) 248 S. W. 1086. Under the well-recognized rule of construction, the power to sell property embraces the lesser power to mortgage. In our opinion, the mortgage and mechanic's lien given by C. R. Duberry as the duly qualified survivor of the community estate created a valid, binding obligation upon the property in question.

[2] The lien being a valid, subsisting lien, the question then arises, In a foreclosure suit thereon were the children of Mrs. Duberry necessary parties? In the absence of some proof that there was fraud or collusion on the part of their father in permitting a judgment to be obtained and the property sold thereunder, or that they had been injured thereby, said sale should not be set aside. Plaintiffs in error do not contend by the proof offered that the property was of any greater value than the amount of the debt at the time of foreclosure. They do not make any offer of tender of payment of the debt, and there is nothing in the testimony to show that there were any fraudulent or negligent acts on the part of their father. In Barrett v. Eastham, 28 Tex. Civ. App. 189, 67 S. W. 198, it was held that, in a suit brought after the death of the wife against the husband to foreclose a mortgage lien on the homestead, the children were not necessary parties, and that a judgment foreclosing such lien and a sale thereunder conveyed a perfect title. To the same effect is the holding in Henry v. McNew, 29 Tex. Civ. App. 288, 69 S. W. 213 (error refused) ; Gabb v. Boston, 109 Tex. 26, 193 S. W. 137.

In Carter & Rust v. Conner, 60 Tex. 52, it was held that, in a suit against the survivor of the community estate to establish a debt and subject the community property to sale, the children were not necessary parties. To the same effect is the holding in Stone v. Jackson, 109 Tex. 385, 210 S. W. 953. Article 3669 of the Revised Statutes, above quoted, provides that the survivor can sue and be sued with reference to the property, in the same manner as during the lifetime of the deceased. C. R. Duberry having complied with the statute in qualifying as survivor, and having executed the mortgage and mechanic's lien to improve the community homestead, we are of the opinion that in the foreclosure suit against him, under the facts in this case, it was not necessary to make plaintiffs in error, who are the children of Mrs. Duberry, parties to said suit.

We overrule plaintiffs in error's assignments of error, and the judgment of the trial court is affirmed.

GALLAGHER, C. J., took no part in the decision of this case.