### UNDERWOOD v. CARTER et al.
### No. 4141.

Court of Civil Appeals of Texas. Texarkana.
June 2, 1932.

Cunningham & Lipscomb, of Bonham, for appellant.

Sturgeon & Sturgeon, of Paris, for appellees.

SELLERS, J.

This suit was brought by Dick Carter and several of his children against F. Wash Underwood to cancel a certain deed executed by Dick Carter for himself and as community survivor of his deceased wife, Anna Carter, to F. Wash Underwood; the land conveyed being 33¾ acres, a part of the Francis Holland survey in Lamar county. The deed recites that the conveyance was made for the purpose of paying community debts and for a consideration of $1,200 cash. The record discloses that the property was community property of Dick Carter and his deceased wife; that he was induced to execute the deed by false and fraudulent representations made by Underwood to him to the effect that the deed was only an extension of a certain note which Dick Carter owed; that Dick Carter was about 75 years of age and was unable to read and write, and signed the deed by making his mark; that the notary public never explained that the instrument signed was a deed; and it was further shown that, had he known that the instrument was a deed to his land, he would not have signed the same. It was further established that Dick Carter and his deceased wife had ten children, all of whom were living when this suit was filed.

The case was tried to a jury, and upon their verdict the court entered judgment canceling the deed and removing the cloud cast on the premises by virtue of the purported deed, and further decreed that the title to the property be vested in Dick Carter as though the deed had never been made. From this judgment the appellant, Underwood, has duly prosecuted this appeal.

Only two assignments of error are urged on this appeal, one of which is the sufficiency of the evidence to support the verdict of the jury and the judgment entered thereon. We have carefully considered the evidence, and hav reached the conclusion that this assignment should be overruled.

The other assignment raises the point that all the necessary parties to the suit were not before the court. This contention arises out of the fact that only four or five of Dick Carter's children joined with him as parties plaintiff in the suit. This contention must be sustained unless it can be said

that Dick Carter as the survivor of the community had the power to prosecute the suit in his own name. The power of the survivor of the community when dealing with the common property is very great in Texas. Many cases are cited where the heirs' interest in the community property has been disposed of at execution sale under a judgment against the survivor alone where the judgment is for a community debt. That Dick Carter as community survivor had the right to convey the property involved to pay community debts is too well settled in this state to require citation of authority. Having the right and power to make such a conveyance, it would seem to us should include the power to maintain a suit in his own name to cancel such a deed for fraud practiced upon the survivor in securing the same. Such a holding would seem to find support in the case of Walker v. Abercrombie, 61 Tex. C9, from which case Judge Speer in his Third Edition of Marital Rights in Texas, § 668, quotes as follows: "The powers of the survivors of the community in regard to the common estate under our system have been recognized to be very great. Without administration she may in good faith sell the property of the estate for payment of debts, and thus destroy the title of heirs and the right of creditors longer to look to it. * * * If she can thus destroy the title of an estate in community property, she surely may preserve it through an action in her own name."

We conclude that the heirs of Anna Carter, deceased, were not necessary parties to this suit.

The judgment of the trial court is affirmed.