WAITZ et al. v. UVALDE ROCK ASPHALT CO.

No. 2342.

Court of Civil Appeals of Texas. Beaumont. March 9, 1933.

Denman, Franklin & Denman and, Henry E. Vernor, all of San Antonio, for appellants.

Kampmann & Burney, of San Antonio, for appellee.

WALKER, Chief Justice.

This was a suit in trespass to try title filed in the district court of Bexar county by appellee, Uvalde Rock Asphalt Company, against appellant George W. Waitz to recover lots 15, 16, 17, and 18, block 1624, in the city of San Antonio. Appellant Waitz answered by plea of not guilty and by special plea impleading his warrantor Louis A. Guessaz. The pleadings of appellee raised the additional issues that it held title to the lots in controversy under a judgment against appellant Louis A. Guessaz, foreclosing a paving lien against the property, issued to it by the city of San Antonio; that after the foreclosure sale it entered into a settlement agreement with appellant Waitz, whereby for $250 it was to deed him the lots in controversy by quitclaim deed and release its foreclosure judgment and its paving lien; that it prepared the necessary papers to effectuate the agreement, which appellant Waitz got possession of without its consent and put of record, without paying the $250; the prayer was for the cancellation of the quitclaim deed and releases executed by it in favor of appellant Waitz and their removal from the deed records of Bexar county, and for recovery of the lots in controversy, with accumulated rents. The pleadings of appellants consisted of: (a) An extended "motion for rule for costs," plea of misjoinder of causes of action, special denial against appellee's plea of settlement, special plea that appellee, under its plea of settlement, was entitled only to judgment for $250, plea of payment of part of the $250, pleas of not guilty and general denial; their prayer was for the title and recovery of the property as against the claim of appellee. The jury found issues invalidating the settlement agreement and canceling the quitclaim deed and release papers executed by appellee to appellant Waitz and damages in its favor for $1,200 for rent. Under their plea of not guilty, the court permitted appellants to offer proof that the property was the homestead of appellant Louis A. Guessaz at the time the city of San Antonio issued the paving certificates against it; this issue was summitted to the jury and found in favor of appellants. No fact issue found by the jury is controverted by this appeal, except appellee says that appellants' pleadings were insufficient to present the issue of homestead. The court refused to enter judgment for either party on the jury's verdict, but entered judgment non obstante veredicto for appellee for the title and possession of the property. It is the contention of appellants, defendants below, that judgment should have been entered in their favor, on the verdict and the undisputed facts, for the title and possession of the lots in controversy.

Opinion.

■ The judgment in Uvalde Rock Asphalt Company v. Louis A. Guessaz, under which appellee claims the property through a sheriff's deed at foreclosure sale, contains the following recitations of fact:

"No. B–22234. In the District Court, 73rd Judicial District, Bexar County, Texas.
"Uvalde Rock Asphalt Company versus L. A. Guessaz.

"On this, the 6th day of June, A. D. 1923, came on to be heard the above styled and numbered cause, and plaintiff appearing by its attorneys, and said defendant, L. A. Guessaz, having been duly cited by publication, according to law, appearing by his attorney, appointed by this Court, all matters of fact as well as of law were submitted to the Court," etc.

Appellants made no attack upon this judgment by their pleadings, but upon the trial sought to introduce the affidavit for service by publication, the citation by publication and its return, the order appointing counsel to represent the defendant, etc., on the theory that certain irregularities in these instruments rendered the judgment void. All this evidence was properly excluded as constituting a collateral attack upon the judgment. Griggs v. Montgomery (Tex. Civ. App.) 22 S. W.(2d) 688; Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325; Levy v. Roper, 113 Tex. 356, 256 S. W. 251; Harrison v. Orr (Tex. Com. App.) 296 S. W. 871; Gibbs v. Scales, 54 Tex. Civ. App. 96, 118 S. W. 188; Davis v. Robinson, 70 Tex. 394, 7 S. W. 749; Sloan v. Thompson, 4 Tex. Civ. App. 419, 23 S. W. 613. For a statement of the legal propositions, construing appellants' pleading as a collateral attack upon the judgment in issue, see Garza v. Kenedy (Tex. Com. App.) 299 S. W. 231; Burton v. McGuire (Tex. Civ. App.) 3 S.W.(2d) 576, affirmed by Supreme Court, 41 S.W.(2d) 238.

The following are the controlling facts, affecting the foreclosure judgment of appellee against appellant Louis A. Guessaz: The only defendant in that case was appellant Louis A. Guessaz, in his individual capacity; at the time the suit was instituted, Mrs. Guessaz was dead, and he had qualified as community administrator of their community estate; the title to the property was in his name and his wife's name; she left surviving her as heir to her interest in the community her son, appellant Louis A. Guessaz, Jr.; appellee, as plaintiff, was visited with notice of all these facts at the time it instituted its foreclosure suit; the property was the homestead of appellant Louis A. Guessaz at the time the assessment certificates were issued against it by the city of San Antonio, and continued his homestead until he sold it to appellant Waitz, which was after the foreclosure suit was instituted; appellee had no

886

notice of the sale to Waitz until after its foreclosure sale against Louis A. Guessaz. There was no evidence that appellee ever filed lis pendens notice of the filing of its foreclosure suit, nor was there any evidence that appellant Waitz had notice of the pendency of the foreclosure suit at any time before the rendition of final judgment therein, nor that he paid value for the property. On this statement of the facts, we announce the following conclusions of law, which deny appellants' additional assignments and propositions of error.

■ (a) Since appellant Louis A. Guessaz did not plead the issue of homestead in the foreclosure suit, and it was not pleaded for him by the attorney appointed by the court to represent him therein, the judgment against him foreclosing the paving lien was a bar to his homestead claim as against the collateral attack made upon that judgment by the pleadings in this case. Shonaker v. Citizens' Loan & Investment Co. (Tex. Civ. App.) 8 S.W.(2d) 566, 567; Baxter v. Dear, 24 Tex. 17, 76 Am. Dec. 89; Gehret v. Hetkes (Tex. Com. App.) 36 S.W.(2d) 700.

■ (b) It is not controverted that the property was the community property of Louis A. Guessaz and his wife, though the deed was executed to them jointly, and that the debt sued upon was a community debt. It is the law that judgment in a suit against the surviving spouse individually, foreclosing liens on property belonging to the community estate, is valid and binding against the estate and all persons claiming as heirs of the deceased spouse. Barrett v. Eastham, 28 Tex. Civ. App. 189, 67 S. W. 198; Id. (Tex. Civ. App.) 86 S. W. 1057; Duberry v. Texas Life Insurance Co. (Tex. Civ. App.) 279 S. W. 285; Levy v. Moody & Co. (Tex. Civ. App.) 87 S. W. 205; Speer on Marital Relations (3d Ed.) p. 852.

■■ (c) Appellant Louis A. Guessaz had a perfect defense against the paving lien had it been pleaded in the foreclosure suit. Holding under Louis A. Guessaz, appellant Waitz had the right to plead the same defense. Appellant Waitz now asserts that he was an innocent purchaser against the claim of appellant under the foreclosure judgment, and, as an innocent purchaser, had the right to raise the homestead issue in this case, and on that issue was entitled to judgment for the lots in controversy. A complete answer to this contention is to say that he failed to raise in his behalf the issue of innocent purchaser. The failure of appellee to file lis pendens notice or otherwise notify appellant Waitz of the pendency of its foreclosure suit was an immaterial issue, provided he knew that the suit was pending. It was his burden to show affirmatively that he did not know that fact, and also that he paid value for the property.

Sabra Benn v. Security Realty & Development Co. (Tex. Civ. App.) 54 S.W.(2d) 146; Ater v. Knight (Tex. Civ. App.) 218 S. W. 648; Johns v. Wear (Tex. Civ. App.) 230 S. W. 1008; Miller v. Poulter (Tex. Civ. App.) 189 S. W. 105, at page 107; Beavers v. Baker, 58 Tex. Civ. App. 35, 124 S. W. 450; Heisig v. Vaughan & Gardner (Tex. Civ. App.) 15 S.W.(2d) 113; Uvalde Company v. Tribble (Tex. Civ. App.) 292 S. W. 932; Wilkerson v. Ward (Tex. Civ. App.) 137 S. W. 158.

■ (d) On the facts of this case, it was not error for the court to disregard the verdict of the jury and render judgment in favor of appellee non obstante veredicto. This procedure is authorized by article 2211, R. S. 1925, as amended Acts 1931, 42d Legislature, p. 119, chapter 77, § 1 (Vernon's Ann. Civ. St. art. 2211), where a directed verdict would have been proper, and, upon the undisputed facts in this case appellee was entitled to an instructed verdict.

Affirmed.