### DEBES et ux. v. TEXAS NAT. BANK OF BEAUMONT.

#### No. 2873.

Court of Civil Appeals of Texas. Beaumont. March 28, 1936.

Rehearing Denied April 8, 1936.

C. A. Lord and J. S. Maida, both of Beaumont, for appellants.

E. L. Nall and Geo. Weller, both of Beaumont, for appellee.

O'QUINN, Justice.

Appellee bank brought this suit against appellants, Mike Debes and his wife, Vahiba Debes, to recover a personal judgment against Mike Debes upon four promissory notes, and to foreclose one deed of trust given by Mike Debes on certain real estate, and another deed of trust on certain real estate executed by Mike Debes and his wife, Vahiba Debes, and a pledge lien on certain personal property.

The bank alleged that on August 11, 1930, Mike Debes executed and delivered to it his promissory note in the sum of $2,500, due ninety days after date, and that on said date he executed a deed of trust on lots 9, 10, and 11 in block 1 of the Gray addition to the city of Beaumont, Tex., to secure the payment of said note. It alleged that after the maturity of said note, on April 2, 1932, said Debes executed his note to it in lieu and in extension of said note of August 11, 1930, and that said deed of trust covered and secured the payment of said extension note.

It further alleged that on October 10, 1930, Mike Debes executed and delivered to it his promissory note in the sum of $11,600, due ninety days after date, or on January 8, 1931, and that on said date, October 10, 1930, said Mike Debes, and his wife, Vahiba Debes, executed and delivered to it a deed of trust on lots 7 and 8 in block 4 of the Parkdale addition to the city of Beaumont, and on lots 1 and 2 in block 10 of the Jirou addition to the city of Beaumont, to secure the payment of said note; and that after the maturity of said $11,600 note, same not being paid, Mike Debes, on April 2, 1932, executed and delivered to said bank his note for $11,600, due thirty days after date, in lieu and in extension of said note. It was also alleged that each of the notes—one for $2,500, and one for $11,600—contained this provision:

"We, the makers, indorsers, guarantors, assignors and sureties, severally waive presentment for payment, demand, protest and notice of protest for nonpayment of this note, and agree that no extension will operate to relieve us of liability thereon."

It further alleged that on March 17, 1932, Mike Debes executed and delivered to it his promissory note in the sum of $6,500, due thirty days after date, and at said time pledged certain enumerated personal property to secure the payment of said note. And also alleged that the two deeds of trust above mentioned secured the payment of this note, and that this note contained the provision waiving protest and demand for payment, and that no extension of time for payment would relieve any maker, indorser, guarantor, assignor, or surety from liability

It further alleged that on March 31, 1932, Mike Debes executed and delivered to it his promissory note in the sum of $10,000, payable on demand, and that the two deeds of trust heretofore mentioned also covered and secured its payment, and that this note contained the provision as to waiver and extension as the other notes.

The defendants, appellants, answered by general denial, and specially that they were husband and wife on and long before October 10, 1930, the date of the execution of the note by Mike Debes for $11,600 and of the execution of the deed of trust by appellants on lots 1 and 2 in block 10 of the Jirou addition to the city of Beaumont, to secure the payment of said note; that on said date and long prior thereto said lots were the separate property of said Vahiba Debes, and that such fact was at said time well known to appellee bank, its officers and agents; that if any lien was created by the execution of the deed of trust dated October 10, 1930, covering lots 1 and 2 in block 10 of said Jirou addition, same being the separate property of said Vahiba Debes, said lien was in law but a surety, and said separate property thereby became a surety on the note for $11,600, and that said lots would be affected only and as any other surety; that said Vahiba Debes was not a maker or surety on said note and was at no time liable for the payment of same.

They further answered that when said $11,600 note became due according to its terms, appellee bank canceled said note and surrendered it to the defendant Mike Debes who delivered it to the defendant Vahiba Debes, and same was satisfied, canceled, and discharged, and was so in any event as to the security in question, and that in any event the said deed of trust or mortgage lien on said lots, surety property of Vahiba Debes, was discharged and released and thereafter of no force or effect.

They further answered that the renewal and extension of the indebtedness evidenced by said note for $11,600 made by the defendant Mike Debes was without the knowledge or consent of the defendant

Vahiba Debes; that she never gave her consent to such extension or renewal of said note or the execution of any note or notes covering said indebtedness, wherefore the lien created by the deed of trust on her separate property, lots 1 and 2 in block 10 of said Jirou addition, was discharged and released from liability on same.

They further answered that the deed of trust dated October 10, 1930, covering lots 1 and 2, in block 10, Jirou addition, the separate property of Vahiba Debes, operated only in the nature of a surety, and that only to secure the payment of the note dated October 10, 1930, in the sum of $11,600, and no other.

Several other special defensive matters were pleaded, but it is not thought necessary to state them.

The cause was tried to a jury. At the conclusion of the evidence, the defendants, appellants, moved the court to instruct the jury to return a verdict against the plaintiff bank and in favor of the defendants denying plaintiff a foreclosure of the asserted lien on lots 1 and 2, in block 10 of the Jirou addition, the separate property of defendant Vahiba Debes. This motion was refused. Then, on motion of the plaintiff bank, the court instructed the jury to return a verdict in its favor against the defendant Mike Debes for the amount sued for, and against both defendants, Mike Debes and Vahiba Debes, foreclosing the two deeds of trust on all the property covered by them, which verdict was so returned and judgment accordingly rendered. The case is before us for review.

Among other things, the judgment provides:

"As to Lots One (1) and Two (2) in Block Ten (10) of the Jirou Addition to the city of Beaumont, Jefferson County, Texas, and all improvements thereon, it appearing to the court that said property and improvements were the separate property of the defendant, Vahiba Debes, on October 10, 1930, at the time of the execution of the Deed of Trust hereinbefore mentioned and that said property is a security for the indebtedness herein recovered against the defendant, Mike Debes, it is, therefore, Ordered, Adjudged and Decreed by the Court that order of sale be first issued directed to the sheriff or any constable of Jefferson County, Texas, commanding and requiring them to first seize and sell as under execution Lots Nine (9)

Ten (10) and Eleven (11) in Block One (1) of the Gray Addition to the City of Beaumont, Jefferson County, Texas, and Lots Seven (7) and Eight (8) in Block Four (4) of Parkdale Addition to the City of Beaumont, Jefferson County, Texas, and all of the stock hereinbefore described which has heretofore been foreclosed upon, and in the event the property above described should not bring a sufficient amount to satisfy the judgment herein recovered against the defendant, Mike Debes, and costs of suit and costs of sale, then the property of the surety, Vahiba Debes shall be sold and applied on the judgment rendered against the defendant, Mike Debes."

The following facts are without dispute:

Long before the execution of any of the notes by Mike Debes, Mrs. Vahiba Debes owned lots 1 and 2 in block 10, Jirou addition to the city of Beaumont, in her own right—her separate property.

At the time, October 10, 1930, when Mike Debes executed the note for $11,600, and he and his wife, Vahiba Debes, executed the deed of trust to secure its payment, covering, among other real estate, said Jirou lots, the bank knew that said lots were the separate property of Mrs. Debes. They had this knowledge at the time when Mike Debes executed each of the several notes sued on.

Mrs. Debes did not sign the $11,600 note, or any of the other notes executed by her husband, Mike Debes. Her separate property, the Jirou lots, it is agreed by virtue of her executing the deed of trust on October 10, 1930, became surety on said note and occupied the status of any other surety. Red River Nat. Bank v. Ferguson, 109 Tex. 287, 206 S.W. 923; Adkins-Polk Co. v. Rhodes (Tex.Com.App.) 24 S.W. (2d) 351.

The bank sued on the $19,600 renewal note and not on the original $11,600 note.

Mrs. Debes did not know of or consent to the renewal or extension of the $11,600 note. On April 2, 1932, when said note was extended and renewed by Mike Debes, the bank stamped across the face of the original note of October 10, 1930, "Canceled," delivered same to Mike Debes, and he delivered it to his wife without any explanation or statement as to its not being satisfied and discharged, or as to its extension, and Mrs. Debes took possession of said note thinking it paid and did not know

to the contrary until the bank sued for its collection and to foreclose the deed of trust lien.

The $6,500 note, and the $10,000 note, were executed some one and one-half years after the execution of the deed of trust, and the $11,600 extension or renewal note was executed more than one year after the original note fell due.

We sustain appellants' assignment that when the appellee bank stamped the $11,600 note, dated October 10, 1930, "Canceled," and same was delivered to defendant Vahiba Debes, without any knowledge on her part that said note had been extended or renewed, said note, in so far as it affected her separate property, was canceled and discharged, and the deed of trust lien on her said separate property was thereby discharged and appellee bank could not thereafter assert or enforce said lien against her said property, and the court erred in refusing appellants' motion to so instruct the jury, and in instructing the jury to return a verdict foreclosing said deed of trust lien on said Jirou lots, and in rendering judgment foreclosing said lien thereon. Article 5939, § 123, R.S.1925 (Negotiable Instrument Act).

■ Article 5939, supra, provides how negotiable instruments may be discharged, one of which by subdivision 3 of section 119 of said article is: "By the intentional cancellation thereof by the holder." That the bank, the holder of the note, did stamp upon the face of the note "Canceled" and that said note so stamped and canceled was delivered to Vahiba Debes without any explanation or knowledge on her part of any extension of said note, and that she believed the note to have been paid and fully discharged, is not disputed. But appellee bank insists that it did not intend to cancel the note, but only to extend the time of payment of same, and that it so indicated by placing on the renewal note this indorsement:

"This note is given in aid and extension but not in extinguishment of the balance now unpaid on a certain note for $11,600.00 dated 10/10/30 due 90 days after date secured by a D/T and the indebtedness evidenced by said note and the lien fixed by said D/T are hereby renewed, extended and perpetuated."

This notation or indorsement was signed by Mike Debes, the maker of the original note. This insistence is without force, section 123 of article 5939 specifically provides

that: "A cancellation made unintentionally, or under mistake or without the authority of the holder, is inoperative; but where an instrument or any signature thereon appears to have been cancelled the burden of proof lies on the party who alleges that the cancellation was made unintentionally, or under a mistake without authority." In order to discharge this burden, it is necessary for the parties so contending to plead and prove that the cancellation was unintentional, or made by mistake, or without authority. Here there was no such pleading. Appellee bank merely presented a general demurrer to appellants' plea of cancellation and discharge of the note. This did not meet the requirements of the law. The word "cancel" or "canceled," when used in connection with or relation to negotiable instruments, such as here involved, means "to pay," "to render null and void." 9 C.J. 1153. Under the undisputed facts, and the law applicable to same, it must be held that the note in question in so far as it affected the property of Mrs. Debes was "canceled," that is satisfied, and that her separate property, the Jirou lots, were released and free from any liability as to the payment of said indebtedness.

■ It is contended by appellee that the note of October 10, 1930, secured by deed of trust lien on Vahiba Debes' separate property, contained a provision that the makers, indorsers, and sureties waived demand and "consent that the time of payment may be extended from time to time, without notice, and without releasing them or either of them," and that this authorized Mike Debes, the maker of the note, to renew or extend the time for the payment of the note, and that his doing so did not relieve or release Mrs. Debes' property from the deed of trust lien securing the payment of the original note, as well as the renewal note. This proposition is denied by appellants.

While the note did provide as stated by appellee, still this provision did not abrogate nor in any wise affect or render inapplicable subdivision 3 of section 119, and section 123 of article 5939 (Negotiable Instrument Act), R.S.1925, discussed supra. Regardless of any provision contained in the note, under the undisputed facts and the provisions of the Negotiable Instrument Act, supra, the $11,600 note of October 10, 1930, was canceled and annulled as it was related to the deed of trust executed by Mrs. Debes on her separate proper-

ty, the Jirou lots, securing the payment of the said note.

We also sustain appellants' assignment that it was error for the court to instruct a verdict of foreclosure and enter judgment foreclosing the deed of trust lien on lots 1 and 2, block 10 of the Jirou addition, the separate property of Mrs. Debes, in relation to and as security for the payment of the $2,500 note (executed prior to the execution of the deed of trust), and the $6,500 and the $10,000 notes (executed some one and one-half years after the execution of the deed of trust) executed by Mike Debes to appellee bank, and which it insists were secured by said deed of trust of date October 10, 1930.

Appellee bank insists that said deed of trust was security for and covered said notes, and that the judgment foreclosing same was proper because it contained this provision:

"Whereas, it is contemplated that First Party (or one or more of the persons so designated) may hereafter become indebted unto Third Party in further sum or sums, which said indebtedness accrued or to accrue in future it is agreed shall all be payable at the office of the Third Party, Beaumont, Texas, and bear interest at the rate of ten per cent per annum from date of accrual until paid, by whatever means the same shall accrue, and this conveyance is made for the security and enforcement of the payment of said present and future indebtedness, and any other obligation of First Party (or one or more of the persons designated) whether as principal debtor or otherwise, held by Third Party, and whether acquired prior or subsequent to the date of this instrument."

Appellants contend that said provision, as it related to Mrs. Debes, was in contravention of the law governing the rights of and protecting the separate property of married women in this state, for in that it amounted to a power of attorney, and gave her husband, in effect, the management and control of her separate estate, and the right and power to burden same at his pleasure for his benefit, and subjecting her said property to the liability of his debts, simply by his act without her joinder, and without her knowledge or consent, creating new and further indebtedness in the future, in no wise for the benefit of her said estate, and the power to renew and extend same and thereby place a lien continuously and indefinitely on her separate property for its payment, however said indebtedness was created or for whatever purpose he chose.

The wife has the sole management, control, and disposition of her separate real estate, article 4614, R.S.1925 (as amended by Acts 1929, c. 32, § 1 [Vernon's Ann.Civ.St. art. 4614]), but in conveying or encumbering her separate real estate she must be joined by her husband. Article 1299, R.S.1925, and article 4614, as amended. If the wife cannot convey her separate real estate without the joinder of her husband, what reason is there for saying that she can by power of attorney authorize him to convey or encumber same without her joinder and privy acknowledgment? A power of attorney from the wife to her husband authorizing him to convey or encumber her separate real estate would be in direct contravention of the laws giving the wife the sole management, control, and disposition of her separate real estate, and in effect render same nugatory. It is the law in this state that a conveyance of land, the separate property of the wife, by the husband under a power of attorney from the wife is void. Halbert v. Brown, 9 Tex.Civ.App. 335, 31 S.W. 535 (writ refused). But appellee urges that the principle of law stated does not apply here because, it insists, the provision above quoted, in the deed of trust executed by Mrs. Debes on October 10, 1930, securing the payment of her husband's debt, to wit, the note for $11,600, in which deed of trust she was duly joined by her husband, authorized him to incur other and further debts to the bank, and to secure same by the previously executed deed of trust, and that by executing said deed of trust Mrs. Debes pledged her said real estate for the payment of any and all such future debts her said husband might from time to time make with said bank, without limitation as to the amount or time when incurred, and that said deed of trust would be security for the payment of all such obligations to said bank, then accrued or to accrue in the future, and, whether made prior or subsequent to the execution of said deed of trust. We cannot agree to this contention. We think this provision in the deed of trust was in effect a power of attorney from Mrs. Debes to her husband authorizing him, in his dealings with the bank, to encumber her said separate real estate to secure the payment of his debts. As a power of attorney from the wife authoriz-

ing him to sell her separate real estate is void (Halbert v. Brown, supra), then we think a power of attorney by which the husband may encumber her separate real estate for his debts must be void.

The deed of trust provided that Mrs. Debes' separate real estate, the Jirou lots, should be surety for the payment of the note for $11,600 of even date; that it should be surety for any and all debts then owing by her husband, Mike Debes, to the bank, and surety for any future debts owing by him to said bank, without any sort of limitation as to the amount of the debts or to the time when the debts might be incurred, nor did it limit the nature of the indebtedness of Mike Debes to the bank, that is to personal debts by him created, but specifically provided that said lien was for the security and enforcement of the payment of his present and future indebtedness, and any other obligation of said Mike Debes, whether incurred by him as principal debtor, or otherwise, and whether the debts were made by him to the bank prior to the execution of the deed of trust lien or subsequent thereto. We think it must be said that a more complete surrender of her right to manage, control, and dispose of her separate real estate could not have been made by Mrs. Debes than is shown by this instrument. It fully clothed her husband with authority to secure his past, present, and future debts to the bank by this blanket clause in the deed of trust executed by her securing the payment of one, and only one known debt; and yet by this provision of the deed of trust it was sought to be made surety for any and all debts, past, present, and future, that he might owe the bank, or be obligated upon, whether his own debt or as surety or indorser of another, and that without any limitation as to the amount of the debts, or the purpose of their creation, or the time when they might be made and accrued. In effect, it certainly serves the purpose of a power of attorney to her husband authorizing him to pledge her property for the payment of his debts, which is against the policy of the laws enacted for the protection, management, control, and disposition of

married women's separate real estate, and hence void. If this provision in this deed of trust can be upheld in law, then the statutes enacted under the Constitution for the protection of married women in their right to manage, control, and dispose of their separate real estate are but idle gestures, and may thus be avoided and practically abolished.

Moreover, we believe that the provision in the deed of trust discussed supra, and which we construe as, in effect, being a power of attorney from Mrs. Debes to her husband, Mike Debes, authorizing him to encumber her separate real estate, to be void for the additional reasons (a) that a married woman cannot make a power of attorney to her husband authorizing him to convey her separate real estate (Johns v. Wear [Tex.Civ.App.] 230 S.W. 1008), and (b) for a power of attorney from a married woman to one authorizing that person to convey or encumber her separate real estate, she would have to be joined in such instrument by her husband, and in this instance it would be the husband executing the power of attorney to himself, authorizing him to encumber his wife's separate real estate, which he could not do (Marshburn v. Stewart [Tex.Civ.App.] 295 S.W. 679, 689).

From what we have said, it follows that that portion of the judgment of the trial court against Mike Debes personally for the full amount of shown indebtedness, and foreclosing the deed of trust liens on all the mentioned real estate, except lots 1 and 2, block 10 of the Jirou addition to the city of Beaumont, which was and is the separate property of Mrs. Vahiba Debes, wife of Mike Debes, and foreclosing the lien on said personal property set out in the judgment, should be affirmed, and that that portion of said judgment foreclosing the deed of trust lien on lots 1 and 2, block 10, Jirou addition to the city of Beaumont, the separate property of Mrs. Debes, should be reversed and judgment here rendered in favor of Mrs. Debes denying such foreclosure, and it is so ordered.

Affirmed in part and in part reversed and rendered.