### YOUNG v. ANDERSON et al.
### No. 1973.

Court of Civil Appeals of Texas. Waco.

Feb. 3, 1938.

Tom R. Mears, of Gatesville, for plaintiff in error.

Tom L. Robinson, of Gatesville, for defendants in error.

GALLAGHER, Chief Justice.

This writ of error is prosecuted by R. V. Young from a judgment of the district court awarding a recovery against him in favor of R. R. Anderson and others for the sum of $600.39 and foreclosing a deed of trust lien on a tract of land to secure the same. The parties will be designated as they appeared in the trial court. The suit was instituted by plaintiffs R. R. Anderson and others against defendant R. V. Young, to recover on a promissory note executed by him for himself and as survivor of the community estate of his deceased wife, and to foreclose a deed of trust lien on said land, also executed in said capacity. Both said note and said deed of trust recited that they were executed in renewal and extension of a note and deed of trust executed by Young and his wife, then deceased, and that the indebtedness evidenced and secured was a community obligation of said marriage. Defendant filed a written suggestion of the lack of necessary parties, and in that connection alleged that the land upon which foreclosure was sought was the community property of himself and his deceased wife and that she left surviving her certain children and grandchildren as lawful heirs of her estate. The substance of said written suggestion was incorporated in defendant's original answer. No specific ruling on said suggestion is shown by the record. The court, however, proceeded to hear the case and render judgment as aforesaid.

Defendant's sole contention in this case is that the court erred in proceeding, over his protest, to trial and judgment, without requiring plaintiffs to make the children and grandchildren of his deceased wife parties to the suit. There is no contention over the facts involved. The proposition that a judgment in a suit against the surviving husband individually for a community debt and foreclosing a lien on property belonging to the community estate of himself and his deceased wife is valid and binding against such estate and all persons claiming as her heirs notwithstanding such persons are not made parties thereto, is sustained by numerous authorities. Carter v. Conner, 60 Tex. 52, par. 1; Stone v. Jackson, 109 Tex. 385, 389, 210 S.W. 953; Barrett v. Eastham, 28 Tex.Civ.App. 189, 67 S.W. 198, par. 2; Henry v. McNew, 29 Tex.Civ.App. 288, 69 S.W. 213, par. 6, writ refused; Levy v. W. L. Moody & Co., Tex.Civ.App., 87 S.W. 205, pars. 1 and 2, writ refused; Waitz v. Uvalde Rock Asphalt Co., Tex. Civ.App., 58 S.W.2d 884, par. 3; Duberry v. Texas Life Ins. Co., Tex.Civ.App., 279

S.W. 285, par. 2; Speer's Law of Marital Rights, 3d Ed., p. 852, § 668. See, also, in this connection, Morris v. Davis, Tex. Civ.App., 292 S.W. 574, par. 2, writ refused; San Antonio & A. P. Ry. Co. v. Evans, Tex.Civ.App., 198 S.W. 674, par. 2; Rogers v. Smith, Tex.Civ.App., 31 S.W. 2d 871, par. 2; Underwood v. Carter, Tex.Civ.App., 51 S.W.2d 1061, pars. 1 to 3, inclusive. None of the cases cited by appellant involved suits against a surviving spouse for the recovery of a community debt and the enforcement thereof against community property. Defendant's said contention is overruled.

The judgment of the trial court is affirmed.